[No. 448. August 13, 1891.]

## THE UNITED STATES OF AMERICA, APPELLEES, v. URBANA DURAN DE AMADOR, APPELLANT.

CRIMINAL LAW—COURTS OF GENERAL JURISDICTION, JUDGMENTS OF—TRIAL —PRESUMPTION—EXCEPTIONS—APPEAL.—On appeal from the final judgment of a court of general jurisdiction, all the details of the trial are presumed to be legal and sufficient, until the contrary is shown. Territory v. Webb, 2 N. M. 147; Territory v. Yarberry, Id. 458. This court has also repeatedly held that error claimed upon the trial, to which no exception was taken at the time, will not be reviewed on appeal. Territory v. O'Donnell, 4 N. M. (Gil.) 196; Territory v. Baker, Id. 238.

ID.—IMPANELING OF JURY—VALIDITY OF ACT OF FEBRUARY 26, 1889—EXCEPTIONS.—The act of February 26, 1889 (Session Laws, 1889, p. 227) providing for the impaneling of grand and petit juries to investigate and try causes on the part of the United States, is not special legislation. It is the same as contemplated by the organic act, and the same as has been in operation since the organization of the territory. Nor is the act special legislation so far as the district is concerned, since it provides the same kind and class of juries for every district in the territory.

ID.—PERJURY—INSTRUCTION.—On a trial for perjury a request for an instruction that, "If the jury believe that the witness, Margerito Barela, testified truly, but that the marriage to which she testified was not a legal marriage, they will find the defendant not guilty of perjury in swearing that she was not married" presented a question of law to be submitted to the jury, and was properly refused.

ID.—NEW TRIAL—DISCRETIONARY POWER OF COURT.—A motion for a new
    trial is a matter in the discretion of the trial court, whose action is
    not assignable as error on appeal, unless the court has committed
    reversible error, to which exceptions were taken at the time. Cole-
    man v. Bell, 4 N. M. (Gil.) 27.

ID.—INSTRUCTIONS.—Where the instructions given present the issues
    fairly to the jury, and either party is dissatisfied with them on any
    point presented, he should offer a proper instruction covering that
    point.   Territory v. O'Donnell, 4 N. M. (Gil.) 196.

ID.—PERJURY—ADMISSIBILITY OF ADMISSIONS OF DEFENDANT—EVIDENCE.
    On a trial for perjury for false swearing in a prosecution for adultery,
    defendant's admissions of marriage are admissible.  But such evi-
    dence is to be received with caution, and should always be submit-
    ted to the jury under proper instructions from the court.

ID.—MARRIAGE CEREMONY, ADMISSIBILITY OF ORAL TESTIMONY TO PROVE
    —PRESUMPTION—EVIDENCE.—A marriage ceremony may be proved
    by any competent witness present at the ceremony; and, when
    proven, the contract, the capacity of the parties, and the validity of
    the marriage will be presumed.  Wilkie v. Collins, 48 Miss. 496.

APPEAL from a judgment of the Third Judicial
District Court, convicting defendant of perjury. Judg-
ment affirmed.

The facts are stated in the opinion of the court.

A. B. FALL for appellant.

EUGENE A. FISKE, United States district attorney,
for appellees.

LEE, J.—This was an action by indictment,
returned in September, 1890, by the grand jury of the
Third judicial district, charging the defendant (appel-
lant) with perjury in having sworn falsely in the
case of the United States against Urbana Duran de
Amador in said court on a charge of adultery. The
case came on for trial on the twenty-third day of Sep-
tember, 1890, and the defendant was convicted, and
the case is brought to this court by appeal. The coun-
sel for appellant in his brief says that in the record
there is manifest error, as shown by the transcript;

that the indictment is insufficient, and is an absolute nullity, in that it was not found and presented by a duly constituted, legal, constitutional, and properly selected and organized grand jury; that the petit jury trying the case was not composed of twelve good and lawful men, as contemplated by the laws of the United States and of this territory; that the court erred in refusing instructions asked by the defendant, and in overruling her motion for a new trial. The record, Courts of general however, fails to show that there was any jurisdiction: trial; judgment; exception taken or presented upon either presumption: exceptions. of the assignments made here; nor does the record anywhere show why or by what means the grand jury that found the indictment, and the petit jury that tried the case, were not lawful and properly constituted juries. The recitals in the record show them to have been good men, taken from the body of the district, fully qualified and properly impaneled; and the record does not show any challenge, or objections to the individual members of either of the juries, and this court has decided that in a court of general jurisdiction all the details of a trial are presumed to be legal and sufficient to sustain the judgment, until the contrary is shown. Territory v. Webb, 2 N. M. 147; Territory v. Yarberry, Id. 458, and it has also been held that error claimed upon the trial, to which no exception was taken in the court below, can not be reviewed in this court. Territory v. O'Donnell, 4 N. M. (Gil.) 196; Territory v. Baker, 4 N. M. (Gil.) 238.

The contention in the brief is that the act of February 26, 1889 (Session Laws, 1889, p. 227) is special legislation, and, as such, falls within the provision of the act of congress of July 30, 1886 (24 U. S. St. 178). IMPANELING of That act provides for the selecting of two jury: act February 26, 1889. different juries—one to serve on the part of the United States for the district, who are paid by the United States, and one to serve on the part of the terri-

tory for the county, who are to be paid by the territory. So far as the consideration of this case is concerned, it is immaterial what construction may be given to the act, so far as it may be attempted to confer jurisdiction upon the grand and petit juries, thus established to investigate and try cases on the part of the United States, to also investigate and try cases on the part of the territory; for should it be special legislation in that respect, it is not special so far as cases on the part of the United States are concerned, for in that respect it is the same as contemplated by the organic act, and the same as has been in operation since the organization of the territorial government. The power and jurisdiction of the court to impanel a jury was not derived from this act, but it is a proper subject for the legislature to regulate the drawing of juries; and, when legally done, the court will give effect to the act. If the legislature had failed to make provisions for impaneling the juries, the court could have impaneled common law juries, and proceeded with the business of the term, and why the grand jury that returned the indictment, and the petit jury that tried the case, were not good and lawful men, drawn from the body of the district, possessing all the requirements and qualifications of jurors, does not appear in the record; and this court, without such showing, must presume such was the case. In answer to the argument that the act as to the district was special legislation, it is sufficient answer to say that, when the indictment in question was returned, the law provided the same kind and class of juries for every district court in the territory. And if the provisions of the act authorizing the trial of offenses under the laws of the territory by the juries thus created for the trial of offenses against the general government should be held to be special legislation, and void as to such cases, the provisions for the trial of causes on the part of the United States will stand, under the familiar rules of construction, as perfectly as if such provisions were

embodied in a separate act. Cooley, Const. Lim. 211; Coates v. Campbell, 35 N. W. Rep. (Minn.) 366; Endl. Interp. St., sec. 338, and cases there cited.

Even if there was irregularity in the manner of impaneling the juries, the objection would be untenable, being raised for the first time in this court. There is no reason why the fact of a jury having been improperly impaneled for trial should differ from any other irregularity in selecting a jury. Such, for example, where the law requires specifically that jurors shall be citizens of the United States. In such cases, where jurors have not been citizens of the United States, but aliens, this court has repeatedly held that the alienage of the jurors could not be taken advantage of by objections made after verdict. Territory v. Abeita, 1 N. M. 545; Territory v. Yarberry, 2 N. M. 451; Anderson v. Territory, 4 N. M. 108; Territory v. Baker, 4 N. M. 122.

It is assigned as one of the errors that the court erred in refusing instructions asked by the defendant. PERJURY: instructions. The record shows there was but one instruction asked and refused, and that instruction was as follows: "If the jury believe that the witness Margerito Barela testified truly, but that the marriage to which she testified was not a legal marriage, they will find the defendant not guilty of perjury in swearing that she was not married." The jury answers to questions of fact, and the court as to questions of law. The instruction asked the court to submit to the jury was a question of law, and was, therefore, properly refused by the court.

It is urged that the court erred in overruling defendant's motion for new trial. This is a matter NEW trial: discretion of court. in the discretion of the court and can not be assigned as error, unless the court has committed reversible error, to which exceptions have

been properly taken, and the motion thereby brought up by exception.  Coleman v. Bell, 4 N. M. 46.

It is urged that the court did not instruct the jury as to all the law in the case; or, in other words, that it is the duty of the court, whether asked or not, to cover all possible theories of the case.  This question has been before the court before, and construed by the supreme court of the territory as follows:  "It is insisted that the court should have given instructions covering the theory of the defense adopted by the defendant.  The instructions given present the case fairly to the jury; and if defendant was not satisfied with them, and desired any particular point presented to the jury prominently, he should have offered a proper instruction covering the point."  Territory v. O'Donnell, 4 N. M. 66; Thomp. Char. Jury, 781, and cases cited; Express Co. v. Kountze Bros., 8 Wall. 342.  The instructions given fairly presented the case to the jury; and, if more specific instructions were desired on any particular point, they should have been asked, and, not having done so, the defendant has nothing to complain of in that particular.

*INSTRUCTIONS.*

The record shows some objections in regard to the admission of evidence.  There was objection to the evidence of the defendant's admissions of her marriage to Canuto Amador.  Such testimony is proper evidence.  Miles v. U. S., 103 U. S. 312.  Admissions in this as in all other cases may be proven, though they do not constitute the strongest class of evidence, and should always be submitted to the jury with a proper warning by the court.

*PERJURY: admissions: evidence.*

The defendant moved to take from the jury the testimony of Margerito Barela as to a marriage ceremony performed in the republic of Mexico, as being no evidence of marriage.  We think the court properly overruled the motion.  Any person present at a marriage may testify

*MARRIAGE: oral testimony: presumption.*

thereto. No case can be found which holds that oral proof is not admissible on the question of marriage. Patterson v. Gaines, 6 How. 550; Nixon v. Brown, 4 Blackf. (Ind.) 157; State v. Williams, 20 Iowa, 98. And, the celebration of the marriage being proven, the contract, the capacity of the parties, and, in fact, the validity of the marriage, are presumed. Wilkie v. Collins, 48 Miss. 496. This covers all the objections occurring in the record, and, finding no error, the judgment below will be affirmed.

O'BRIEN, C. J., and FREEMAN and SEEDS, JJ., concur.