MURPHY *v.* CITIZENS' BANK OF JUNCTION CITY.

Opinion delivered March 11, 1907.

1. USURY—RECOVERY OF PAYMENTS.—While payments of excessive interest are recoverable, sums voluntarily paid on principal and lawful interest are not recoverable, though the contract under which they were paid was usurious.   (Page 134.)

2. SAME—RIGHT TO RECOVER INVOLUNTARY PAYMENTS.—After a debtor made demand upon his creditor for collateral held by the latter to secure a usurious debt, collections thereafter made by the bank upon such collateral can not be treated as voluntary payments, and may be recovered by the debtor.   (Page 134.)

3. PLEADING—ALLEGATION OF RENDITION OF JUDGMENT.—A party pleading a judgment is not bound to allege, in addition to the statement of its recovery or rendition, that it still remains in full force, because when rendered it is presumed to remain in force until the contrary appears.   (Page 135.)

4. EVIDENCE—JUDICIAL NOTICE—OTHER SUITS.—Courts do not take judicial notice of their own records in other causes pending therein even between the same parties.   (Page 135.)

Appeal from Union Circuit Court; *Charles W. Smith,* Judge; reversed in part.

*R. L. Floyd,* for appellant.

1.   The fact of usury was *res judicata.*   A judgment of a court having jurisdiction of the subject-matter is conclusive between the parties until reversed or set aside.

2.   The debt, being usurious, was void, and the securities or their proceeds must be surrendered.   1 Schouler's Pers. Prop. 343; 29 Am. & Eng. Enc. of L. (2 Ed.), 516; 48 Ark. 479; 1 Edm. Sel. Cas. 475; 4 Pet. 205; Tyler on Usury (1 Ed), 431.

*Marsh & Flenniken* and *Smead & Powell,* for appellee

1. The burden was on appellant to prove the allegation of *res judicata,* and this is not done by merely proving that tne court had rendered a decree in a certain other case. Appellant must affirmatively show the existence of all facts necessary to sustain such a plea. By its allegation that it had appealed appellee denied that the judgment was *res judicata.*

2. Where, by its terms, a contract does not import usury, it must be proved that there was some corrupt agreement, device or shift to cover usury. 25 Ark. 101; *Ib.* 258.

3. Usurious payments not shown to exceed the principal and lawful interest cannot be recovered. 55 Ark. 318. If a borrower pay the amount of his usurious debt, and afterwards sues to recover it back, he can only recover the usurious excess. 9 L. R. A. 292; 10 Ga. 389; 6 Johns. Ch. 95; 2 N. Y. Ch. (L. Ed.), 65; 46 Ga. 166; 12 Ia. 302; Tyler on Usury, 442 *et seq.*

4. A judgment will not be reversed because of an erroneous instruction, unless that instruction is prejudicial. 22 Ark. 396; *Id.* 207; 59 Ark. 439; 45 Ark. 542; 46 Ark. 485. And an erroneous instruction is not prejudicial if on the whole case the party complaining was not injured thereby. 23 Ark. 145; *id.* 519; 37 Ark. 238.

*R. L. Floyd,* for appellant in reply.

Appellant fully complied with the law in his plea of *res judicata.* Kirby's Digest, § 6132.

McCULLOCH, J. Appellant, Guy Murphy, as receiver of the El Dorado Lumber and Planing Mill Company, a defunct domestic corporation, instituted this action against the appellee, Citizens' Bank of Junction City, to recover money collected by the bank upon collaterals deposited with it by the lumber company and applied in payment of a debt to the bank alleged to be tainted with usury.

It is alleged in the complaint that the bank advanced money to the lumber company under an agreement that the latter was to pay interest thereon at the rate of 10 per cent. per annum, and in addition thereto 1 1-2 per cent. upon the face of all invoices of lumber sales deposited with the bank as collateral security, that the lumber company had delivered to the bank as collateral security for said usurious loan invoices of lumber sold,

and that the bank had collected and converted the sum of $13,-684.74 on said invoices.   Judgment is prayed for that amount.

The complaint also contains a paragraph as follows:

"4.   That said loan was found to be usurious and void by the Union Chancery Court on the 30th day of January, 1905, on a regular day thereof in a controversy between the parties hereto wherein the question of usury in said contract or agreement was at issue."

The answer denied that there was any agreement for the payment of interest in excess of 10 per cent. per annum, and contained the following paragraph with reference to the adjudication by the chancery court:

"Fourth.   It admits that on the 30th day of January, 1905, the Union Chancery Court found and adjudged the unpaid account of the said company to the said bank as usurious; but it alleges the fact to be that an appeal has been taken from said judgment, and it denies that said account was, or is now, in any respect tainted with usury."

Appellant introduced a witness connected with the bank who testified that money was loaned to the lumber company on an agreement for the payment of interest at 10 per cent. per annum, and that there was no agreement for the payment of any other amount as interest, but that later, and as a separate and distinct matter, the lumber company agreed to pay the bank for the trouble of collecting the invoices of lumber a commission of 1 1-2 per cent. on the amounts collected.   The same witness testified that the bank usually charged its customers only one-fourth of one per per cent. but that in this instance the collections involved unusual service, hence the unusual charge.

The court, at the plaintiff's request, gave proper instructions upon the law of usury, and, over the objection of plaintiff, gave the following at the request of defendant:

"You are instructed that if you believe from the evidence that the amount sued for was voluntarily paid to the defendant, and did not exceed the principal and lawful rate of interest, you will find for the defendant, even though you may believe from the evidence that the contract was usurious.

"You are instructed that if you believe from the evidence that the agreement to charge 1 1-2 per cent. on the amount of

invoices was a separate agreement from the premises to pay 10 per cent. for the loan, and was for a distinct and separate service, you will find for the defendant."

Plaintiff also asked the following instruction. which the court gave after modifying the same, over plaintiff's objection, by inserting the qualifying words "and that such decree has not been appealed from," viz:

"If the jury find from the evidence in this case that the chancery court for Union County rendered a decree wherein the debt for which the invoices in evidence were collateral security was held to be usurious, then you will find for the plaintiff in such sum as equals the value of said securities."

The pleadings and evidence show that of the amount, $13.-684.74, collected by the bank on the invoices and appropriated on its debt, all except the sum of $4,773.40 was collected and appropriated before the lumber company went into the hands of the receiver, and the receiver demanded a surrender of the collateral. All except the last named amount must therefore, regardless of the question of usury, be considered as voluntary payments made by the debtor on the alleged usurious debt, and cannot be recovered back.

Excessive interest paid may be recovered, but not sums paid on principal and lawful interest. This was the rule at common law, and the same has not been changed by statute in this State. *Kendall* v. *Davis*, 55 Ark. 318. To that extent the judgment of the lower court is right, and must be affirmed.

The amounts collected after the appointment of the receiver and his demand for surrender of the collateral stand on a different footing. Those collections cannot be treated as voluntary payments made by the debtor; and if the debt to secure which they were deposited was void on account of usury, then the receiver is entitled to recover the amount collected and appropriated by the bank.

The testimony was sufficient to support a finding that the debt was not usurious, as it tended to show that the additional one and one-half per centum agreed to be paid was a separate agreement for a distinct service to be performed by the bank. But it is alleged in the complaint and admitted in the answer that said debt had, by the chancery court of Union County, in

a suit between these parties, been decreed to be usurious and void. The answer alleges further that an appeal had been taken to this court from that decree, but no proof was made at all on the question.

The allegations of the complaint as to the rendition of the decree adjudicating the question being confessed, it devolved upon the defendant to prove the alleged matter in avoidance of the force of the decree.

It is argued on behalf of appellee that it devolved upon appellant to sustain his plea of *res judicata* by showing that the decree was still in force and had not been appealed from, but the contention is not sound. It is not necessary to allege or prove that the judgment pleaded in bar remains in force or that it has not been appealed from. That is matter to be pleaded in avoidance of the judgment. "It is usual," says Mr. Herman, "to allege that the judgment still remains in full force and effect, and that the plaintiff has not obtained execution or satisfaction thereof; but this allegation is unnecessary. A party pleading a judgment is not bound to allege, in addition to the statement of its recovery or rendition, that it still remains in full force, etc., because when rendered it is presumed to remain in force until the contrary appears. Presumption of law need not be stated. If a judgment pleaded has been set aside or reversed, or has been rendered by a court without jurisdiction, the other party can avail himself of the fact in response to the party pleading the judgment." 2 Herman on Estoppel and Res Judicata, § 1282.

Counsel state in their brief that the cause in which the decree was rendered is now pending in this court on appeal, and argue that we can take cognizance of the cause on the docket and know judicially that an appeal was taken from the decree pleaded in bar. They are mistaken in this. Courts cannot take judicial notice of their own records in other causes pending therein, even between the same parties. *Gibson* v. *Buckner*, 65 Ark. 84; *Watkins* v. *Martin,* 69 Ark. 311; *Hall* v. *Cole,* 71 Ark. 601; 16 Cyc. p. 918, and cases cited.

The court erred in modifying the instruction asked by appellant concerning the decree adjudging the debt to be void on account of usury, as there was no evidence that the decree had been appealed from; and the verdict of the jury, as to the amounts

collected by the bank on the collateral invoices since the demand made by the receiver, is without any evidence to sustain it.

The judgment is affirmed, in so far as it acquits the defendant of all liability for all amounts collected by it before the demand made by the receiver, but reversed and remanded for a new trial as to all amounts collected since then.