[No. 2689.   May 29, 1923.]

## ALAMOGORDO IMPROVEMENT CO. v. PALMER et al.

### (SYLLABUS BY THE COURT.)

(1)   This court may judicially notice the record in each of two cases brought here to review the same judgment upon the same appeal.                                              P. 593.

(2)   Section 38, c. 43, Laws 1917, requiring decision of cases upon the record alone, refers to questions arising on the merits, and not to collateral procedural questions.
                                                        P. 595.

(3)   A broad restriction upon the power to judicially notice its own records is not well suited to an appellate court.
                                                        P. 595.

(4)   Where a cost bond has in fact been duly given, an affirmance may be had by the appellee under section 22, c. 43, Laws 1917, by simply showing what the statute requires, which does not include the cost bond.          P. 596.

(5) An application to amend the decree upon the ground that the court below, although it had intended to award relief, had in fact failed to do so through inadvertence and mistake, is an application for a "final order affecting a substantial right made after final judgment," as contemplated by section 2, c. 43, Laws 1917, and the judgment upon such an application is not a final judgment denying relief upon the merits. The return day of the appeal from such judgment is sixty days after the appeal was allowed. P. 596.

Appeal from District Court, Otero County; H. P. Owen, Judge.

Suit by the Alamogordo Improvement Company against Lillie A. Palmer and others. From a decree for plaintiff, defendants appeal. On motion to dismiss appeal. Motion granted, and appeal dismissed.

Lee R. York, of Alamogordo, and Renehan & Gilbert, of Santa Fé, for appellants.

J. L. Lawson, of Alamogordo, for appellee.

OPINION OF THE COURT.

PARKER, C. J. On December 30, 1922, we handed down an opinion in this case dismissing the appeal. We find upon a re-examination of the record that the action taken at that time was based upon a misunderstanding of the condition of the record, and the opinion will therefore be withdrawn. It appears from the transcript that this suit was brought under the statute to adjudicate water rights upon the Fresnal and La Luz Creeks in Otero county, which resulted in a final decree, dated July 4, 1918, establishing water rights in favor of various persons named in the decree. Under date of December 30, 1918, this decree was slightly modified and corrected by changing the amounts of water adjudged to some of the parties, and in other minor particulars. The decree stood in this form until June 14, 1921, when there was filed in the case a motion to correct a mistake in the decree. This motion is to the effect that one of the parties interested, who is appellants' grantor, by oversight and inadvertence of the court, was omitted from the de-

cree, and received no allotment of water rights, although the evidence, it was alleged, authorized and required such allottment.   Objections were filed to the motion upon the ground that the district court had lost jurisdiction of the judgment, and that the appellee had been guilty of laches in making the application, and there was no evidence in the record showing the facts claimed by, the applicants to justify the court in modifying the decree.   The cause came on before the court on July 19, 1921, upon said application, and the same was denied.   Thereupon, on the same day, an appeal was prayed and allowed from the judgment denying said application.   A cost bond was duly filed within the required time.   Nothing further was done by appellants in the way of perfecting their appeal until October 5, 1921, when they applied to the district court for and were granted an extension of 60 days' time from that date within which to file a complete transcript of the record below in this court.

In the meantime, on the same day that this extension was granted by the district court, the appellee appeared in this court with a skeleton transcript, showing the motion of the appellants to correct the. the decree, and the action of the district court in denying said application, and the granting of the appeal from said denial on July 19, 1921, and moved the court to docket the cause and affirm the judgment, upon the theory that the order complained of was a final order made in the cause after the final decree had been rendered, and that the return day limit was, under the statute (sections 2 and 21, chapter 43, Laws 1917), 60 days, in appeals of this class, and that the 60-day period had expired, and that the appellants had failed to file a transcript in this court.   On the following day this motion to docket and affirm the judgment was granted, and the judgment of the court below was affirmed, and the mandate of this court to reinstate the cause and to enforce the judgment below was issued on October 31, 1921.   This cause, docketed

on the skeleton transcript, was cause No. 2682 upon the docket of this court. The transcript in the present appeal, cause No. 2689, was filed in this court on October 22, 1921, and on November. 17, 1921, a motion to dismiss the present appeal was filed on the ground that the cause had been finally disposed of, and the judgment below affirmed, upon the skeleton transcript as mentioned above. This motion to dismiss this present appeal appears to have been denied by this court, although upon what ground does not appear, there having been no opinion filed, and the reason for such action is not now within the recollection of any member of the court. It was probably based upon the fact that there was doubt in the mind of the court as to whether the motion to reform the decree was not in substance and effect a bill of review, and, if so, the return day of this appeal would be 90 days from the date of the appeal, instead of 60 days. However, we regard the question of the dismissal of this appeal as still before the court; the action heretofore taken being interlocutory in character.

[1] It appears from an examination of the transcript, No. 2682, and the present transcript, No. 2689, that the two cases are identical. The parties, the subject-matter, the question presented, and the appeal granted are identical in each. In order to avoid this consequence, counsel for appellants call our attention to the rule that a court may not take judicial notice in one case of its records in another case, nothwithstanding the two case are between the same parties and concerning the same subject-matter. They cite and rely upon several of our decisions and other authorities. In Oliver v. Enriquez, 16 N. M. 322, 117 Pac. 844, Ann. Cas. 1913A, 140, which was an action in ejectment, it became material to show in evidence a decree in a suit to quiet title between the same parties, which was refused by the court upon the ground that the decree had subsequently been vacated. This he could not do, unless he could take judicial notice of

the subsequent proceedings vacating the decree.    In
passing upon this question we said:

> "We hold that a trial court cannot in one case take judicial
> notice of its own records in another and different case, even
> though between the same parties and in relation to the same
> subject-matter.    16 Cyc. 918; Murphy v. Citizens' Bank, 82
> Ark. 131, 12 Ann. Cas. 535, and case note, p. 537, 100 S. W.
> 894, 11 L. R. A. (N. S.) 616."    ·

It is to be observed that in that case there were two
separate and distinct cases, in which the issues between
the parties were necessarily different, although they
related to the same subject-matter.    In the case at bar
this condition is not present.    Here the parties, is-
sues, and subject-matter are identical in both cases.
In Elgin v. Gross-Kelly & Co., 20 N. M. 450, 150 Pac.
922, L. R. A. 1916A, 711, it became material to show
that one of the parties to the cause had become insol-
vent    No  evidence whatever of that fact appeared in the
transcript, but the appellee sought to have us take ju-
dicial notice of the case of Dow v. Simpson, 17 N. M.
357, 132 Pac. 568, as establishing that fact.    We held,
necessarily, that we could not take judicial notice of
that case.

The distinction between these and similar cases and
this one is apparent.    In those cases there was, in each
instance, a separate and distinct case between the same
parties, of which we held judicial notice could not be
taken. But in the matter before us there is but one case.
Here the same judgment, between the same parties,
upon the same appeal, is before the court a second
time.    The first time it was here, the question was as
to its affirmance for failure to file the transcript in
time.    In the present instance, the question is whether
the judgment is erroneous or not.    But the identity
of the cause is the same in each instance.    The fact
that the remedy sought in this court is different in
the two instances, and that the applications to this
court are made at different times and for different
purposes, does not disturb the identity of the cause.
The fact that the cause arrived in this court upon two

separate transcripts, one presented by the appellee, and one by the appellant, does not make it two separate causes. The cause at all times remains the same, and any action taken by this court upon either transcript must be conclusive upon the parties to the extent of the judgment rendered. It would seem clear, therefore, that the doctrine invoked by appellants, forbidding the taking of judicial notice of the record in another case between the same parties, has no application. Whatever has been done by this court upon either of these transcripts is necessarily before the court for all purposes in the cause.

[2] Counsel for appellants invoke the provisions of section 38, chapter 43, Laws 1917, as narrowing the power of this court in this particular. In Ciriaco Baca v. Ojo del Espiritu Santo Co., 28 N. M. 499, 214 Pac. 764, we considered this section and held that it refers to questions arising upon the merits of the cause, and not to collateral questions of appellate procedure. From the exposition there made, it is apparent that the section has no application here.

[3] Before leaving this subject, we desire to suggest that a broad restriction of the power to take judicial notice of its own records is not well suited to the conduct of the business of an appellate court. It frequently becomes necessary to notice our records to enable us to properly dispose of the matters which come before us. The situation of the parties is often, if not usually, such that it is impossible to have inserted in the transcript on appeal previous action taken in this court. If we are prohibited from taking judicial notice of our records in previous matters, we may be driven to the absurd result of having two judgments diametrically opposed to each other. The case under consideration furnishes a good example of such a result. Owing to these considerations, a well-established exception to the general rule has been applied in many cases. On this subject, see De Bearn v. Safe Deposit, etc., Co., 233 U. S. 24, 34 Sup. Ct. 584,

58 L. Ed. 833; Chicago Herald Co. v. Bryan et al., 195 Mo. 590, 92 S. W. 906, 6 Ann. Cas. 751; Murphy v. Citizens' Bank of Junction City, 82 Ark. 131, 100 S. W. 894, 11 L. R. A. (N. S.) 616, 12 Ann. Cas. 535, and note at 538; Oliver et al v. Enriquez, 16 N. M. 322, 117 Pac. 844, Ann. Cas. 1913A, 140, and note at 141. We do not attempt, however, to define the extent and limit of our powers to take judicial notice of our records in other cases; the same not being involved in this consideration.

[4] Appellants contend that the judgment of affirmance, hereto referred to, was void for want of jurisdiction. They found the proposition upon the fact that the transcript which was here, and was numbered 2682, and upon which the court took its action of affirmance, did not contain any cost bond, and therefore the appeal of the appellants had failed, and no judgment of affirmance could be awarded, citing Hubert v. American Surety Co., 25 N. M. 131, 177 Pac. 889. The trouble with this argument, as applied to this case, is that the appellants had given the cost bond within the time required, as appears from the transcript we are now considering. The proposition is untenable for the further reason that the statute (section 22, chapter 43, Laws 1917) requires nothing further than a showing of the judgment, the order allowing the appeal, and the certificate of the clerk of this court that no transcript has been filed. It does not require, as perhaps it might well do, the showing that a cost bond has been duly filed. All that the statute required was done by the appellee when the action of this court was invoked.

[5] Counsel finally argue that whether or not the motion is to be treated as a bill of review, at any rate it involved the action of the court to correct the decree, and the judgment was a final decree from which the appeal lies in the ordinary course. As a consequence it is claimed that our action in affirming the judgment was premature and void, and the return day

of the appeal was 90 days after the date of the appeal, instead of 60 days.

The whole question turns upon a correct understanding of the true nature of the proceeding. An examination of the motion discloses that it is not an application for judgment on the pleadings and evidence in the case. It alleges that under the evidence, the appellants' grantor was entitled to the judgment which was not awarded through the mistake or inadvertence of the court, and not otherwise. In the proof submitted in support of the motion, it is sought to be shown that the court directed a decree in accordance with a stipulation which included appellants' grantor, and that he was omitted by mistake, which it was sought to have corrected. It is clear, therefore, that the question before the court, and which was decided, was whether a mistake had been made in omitting this man from the decree, not whether he was entitled to the award of the water right on the pleadings and evidence in the case. It would seem to follow, necessarily, that this judgment is a ''final order affecting a substantial right made after the entry of final judgment,'' as contemplated by section 2, chapter 43, Laws 1917, and is not a final judgment denying relief upon the merits. The return day of the appeal, therefore, was 60 days after it was allowed, and our action affirming the judgment was correct.

As we understand from the record now before us, there has never been any application to the court for judgment on the pleadings and evidence. Whether such application might not still be made, it is not necessary for us to express an opinion. This being the situation, the application for writ of certiorari to show the facts concerning the settling of the bill of exceptions need not be considered.

It follows, from all of the foregoing, that the motion to dismiss the appeal should be granted, and the appeal dismissed; and it is so ordered.

BRATTON and BOTTS, JJ., concur.