**PARIDY v. CATERPILLAR TRACTOR CO.**

**No. 4404.**

Circuit Court of Appeals, Seventh Circuit.

March 26, 1931.

Edward W. Tobin and Edward E. Longan, both of St. Louis, Mo., for appellant.

Frank T. Miller, John M. Elliott, O. P. Westervelt, and Val C. Guenther, all of Peoria, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This action was instituted on December 4, 1929, for the purpose of establishing a constructive trust against property in the hands of appellee. The action arises out of alleged fraud and wrongdoing of appellee's privies in fraudulently obtaining from appellant information, plans, and a model of an endless track mechanism of which appellant claims to have been the original and sole inventor.

The bill alleges that appellant conceived his claimed invention in June, 1892; that thereupon he drafted plans and constructed a small model thereof, which he retained in his possession and exhibited only in secrecy and confidence to those whose financial assistance he sought for the purpose of securing a patent. On account of sickness and financial distress, he was unable to pay the neces-

sary expense of securing a patent, and was unsuccessful in procuring the assistance of others. This condition prevailed until January, 1899, when two men, unknown to appellant, and who gave fictitious names, proposed to him that if he could demonstrate to them the successful operation of his invention they would furnish the necessary financial assistance to enable him to secure a patent and to develop and market the invention. Appellant permitted these men to make a sketch of his invention, and he delivered his model to them. He never saw or heard from them again until January, 1918, although he made diligent effort to do so. At the time last mentioned he learned for the first time that the names of the men so defrauding him were Benjamin Holt and Alvin O. Lombard, and that they had appropriated the invention to their own use and had applied for patents thereon, in their own respective names, on the following dates: Alvin O. Lombard, May 21, 1901, and May 21, 1907; Benjamin Holt, December 17, 1907, January 4, 1910, March 15, 1910, and April 5, 1910; and that patents were thereupon issued to them. Of these facts appellant had no knowledge until January, 1918, and he had unsuccessfully continued his efforts to enlist financial assistance of others to enable him to secure a patent on his invention.

The bill further charges that after Holt and Lombard had thus acquired the invention, Holt became the principal stockholder and president of Holt Manufacturing Company, which company, with knowledge of all the facts above set forth, began to use appellant's invention in the manufacture and sale of tractors, harvesters, and other machinery; that later Holt Manufacturing Company was acquired by appellee, Caterpillar Tractor Company, and both companies, with knowledge of all the facts above set forth, continued to wrongfully and illegally use appellant's invention in the manufacture of their products up to April 5, 1927, which was the expiration date of the letters patent issued to Holt and Lombard; that as a result thereof Caterpillar Tractor Company received and now holds great gains, profits, and property, which, it is claimed, are impressed with a constructive trust ex maleficio in favor of appellant.

The bill further alleges that immediately after discovering the identity of Holt and Lombard as the parties who had surreptitiously and fraudulently obtained knowledge of his invention and had wrongfully and fraudulently appropriated the same to their own use and benefit, appellant retained one John C. Higdon, now deceased, a member of the bar of the state of Missouri, residing in St. Louis and specializing in the practice of patent law for a great number of years, and in whom he had implicit confidence as to ability, as his attorney to prepare and prosecute the necessary proceedings for the recognition, enforcement, and protection of his rights; that Higdon was then seriously ill, suffering from a stroke of paralysis, and mentally disturbed, and because of illness and disturbed mental condition disregarded instructions and directions of appellant in filing an erroneous action, in the nature of a patent infringement suit, against the appellee et al., and failed to diligently and properly prosecute such erroneous action; that appellant was not aware of the error of his then counsel until after Higdon's death, when he retained new counsel and was advised of the error of Higdon in filing such suit; that since the disposition of such erroneous suit appellant has been endeavoring to enlist sufficient financial assistance to enable him to proceed with this cause of action, in which endeavor he was successful shortly prior to the filing of the instant bill.

In answer to the bill appellee filed its motion to dismiss on the grounds that appellant had previously brought a like action against Holt Manufacturing Company in the same court in which the instant case was tried; that appellee was by stipulation made a defendant in that suit, as the assignee of Holt Manufacturing Company; and that action has been prosecuted and defended to a final decree on its merits, which decree was affirmed by the Circuit Court of Appeals, 24 F.(2d) 1020, and a certiorari denied by the United States Supreme Court, 278 U. S. 617, 49 S. Ct. 21, 73 L. Ed. 540; that the instant bill alleges the same facts in support of the present action as were set forth and relied upon in the prior suit; that the prior decree finds that appellant has no claim whatever against appellee or any one acting for it or in its behalf, and is a bar to further litigation on this matter; that the instant bill shows upon its face appellant's gross laches; that neither appellant's poor health, nor his financial distress, nor his unfortunate choice of counsel, excuses or justifies his delays; and that appellant's allegations of conspiracy, and knowledge thereof on the part of appellee, are not based upon alleged facts, but upon conclusions of the pleader.

The decree in the former suit was, by reference, made a part of appellee's motion to dismiss, but we assume it was not attached to the bill as it does not appear in the record

before us. Appellant thereupon filed a motion to strike from the motion to dismiss all those portions, separately, which relate to the prior suit. These motions were argued before the trial court but no evidence was introduced, and subsequently the court overruled appellant's motion to strike and sustained appellee's motion to dismiss the bill. It is upon these rulings that appellant seeks a reversal.

■ Equity Rule 29 (28 USCA § 723), in so far as it applies to motions to dismiss, is as follows:

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. * * * If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

Appellee concedes this to be a correct general statement of the law, but seeks to parry the force of it when applied to the instant case because of the fact that appellant has in his bill referred to the prior case which was tried in the District Court, using only such portions of the record as are helpful to him in the present action, and alleges that this fact is sufficient to authorize appellee to include in its motion to dismiss the complete decree of the prior suit, by virtue of which appellee claims that the controversy in the instant case has been formerly adjudicated. In support of this proposition appellee cites no authority, nor have we been able to find any. There is no ambiguity in the language of Equity Rule 29, and it in effect says that only issues of law arising upon the face of the bill of complaint can be reached by motion to dismiss, and only three instances are specifically mentioned where such motion is proper, viz., for misjoinder, for nonjoinder, and for insufficiency of fact to constitute a valid cause in equity. It has been held, however, that if laches or res adjudicata is apparent on the face of the bill, such matters respectively are properly raised by a motion to dismiss the bill. McMullen v. Lewis (C.

C. A.) 32 F.(2d) 481; Young v. Southern Pac. Co. (C. C. A.) 34 F.(2d) 135. In such instances the facts pleaded are insufficient to constitute a cause of action. These facts are to be judged as they appear in the bill, and we have found no case in which the effect of such facts has been permitted to be altered by any averments in the motion. We can see no reason why the mere mention in the bill of certain facts pertaining to the prior suit, but not harmful to appellant, could in any way authorize appellee to insert in his motion to dismiss a complete statement of the facts in relation to the prior suit in order to raise the question of res adjudicata. Such a procedure would in effect change the issue from a question of law to one of fact and law, which is not regarded as a function of a motion to dismiss under Equity Rule 29.

■■ It is contended, however, by appellee, that, inasmuch as a court of record will take judicial knowledge of its former decrees, the District Court was justified in considering the entire decree of the prior suit in passing on the motion to dismiss. We think this position is not tenable. We have been unable to find any authority supporting it, and none has been cited by counsel.

It is true that a court will take notice of its own records, but it cannot travel for this purpose out of the record relating to the particular case; it cannot take notice of the proceedings in another case, even between the same parties and in the same court, unless such proceedings are put in evidence. Matthews v. Matthews, 112 Md. 582, 77 A. 249, 29 L. R. A. (N. S.) 905; Murphy v. Citizens' Bank, 82 Ark. 131, 100 S. W. 894, 11 L. R. A. (N. S.) 616, 12 Ann. Cas. 535; Haaren v. Mould, 144 Iowa 296, 122 N. W. 921, 24 L. R. A. (N. S.) 404; Oliver v. Enriquez, 16 N. M. 322, 117 P. 844, Ann. Cas. 1913A, 140; Elgin v. Gross-Kelly & Co., 20 N. M. 450, 150 P. 922, L. R. A. 1916A, 711; Myers v. State, 46 Ohio St. 473, 22 N. E. 43, 15 Am. St. Rep. 638; State ex rel. Gibson et al. v. Richardson, 48 Or. 309, 85 P. 225, 8 L. R. A. (N. S.) 362; Pickens v. Coal River Boom & Timber Co., 66 W. Va. 10, 65 S. E. 865, 24 L. R. A. (N. S.) 354, notes 89 Am. Dec. 689. In absence of evidence to that effect, the reviewing court cannot take judicial notice that a case before the court had connection with one formerly decided by it. Elgin v. Gross-Kelly & Co., 20 N. M. 450, 150 P. 922, L. R. A. 1916A, 711.

While a court will invariably take judicial knowledge of the facts which it has acquired at a prior hearing of a cause (Mur-

phy v. Citizens' Bank, supra—and in that case it was the same cause which was referred to), only under exceptional circumstances will it notice proceedings in another cause, although tried in that court and between the same parties. 15 R. C. L. p. 1111, § 42, and cases heretofore cited. The exceptional cases referred to are such as a proceeding for contempt in violating a prior decree, or a proceeding in garnishment in aid of a prior judgment; but in none of the decisions above referred to were these exceptional cases before the court.

▋ The reason for the rule above referred to is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case in hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him. So, on a plea of res adjudicata, a court cannot judicially notice that the matters in issue are the same as those in a former suit. Such matters must be pleaded and proved. 15 R. C. L. p. 1111, § 42.

▋ Appellee contends that such a holding in effect will require it to submit to another long drawn out, expensive series of hearings and will seriously impose upon the court's time. This indeed would be deplorable if true, but a part of Equity Rule 29 which we have not quoted provides that "Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court." The rule provides a most expeditious way of disposing of this issue, i. e., by answer; but appellee chose rather to present it by motion to dismiss and relied upon the court's judicial knowledge in lieu of evidence, and we think this cannot be done under the facts of this case, for the instant and prior cases cannot be considered the same even though one issue is present in both.

▋ Appellee insists that its motion to dismiss was properly sustained on account of laches of appellant apparent on the face of the bill. The doctrine of laches does not apply in such a case as presented here, where appellee, by its motion, admits all the fraud charged, and has acted in open and known hostility to appellant's alleged rights, and has been misled by no apparent acquiescence on appellant's part. In the case of Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 21

S. Ct. 7, 15, 45 L. Ed. 60, the court said: "Indeed, in a case of an active and continuing fraud * * * we should be satisfied with no evidence of laches that did not amount to proof of assent or acquiescence."

Our disposition of the appeal is on the hypothesis that the allegations of the bill are true, and that the facts referred to in the motion to dismiss are not before the court.

The decree of dismissal is reversed, with direction to the District Court to overrule appellee's motion to dismiss.