BESSIE E. ARNOLD,

*vs.*

INCOME PROPERTIES CORPORATION, a corporation of the State of Delaware.

*New Castle,* April 26, 1935.

*Hugh M. Morris* and *Ivan Culbertson,* for complainant.

*Howard Duane,* for defendant.

THE CHANCELLOR: The decree of the United States District Court for the Southern District of New York is entitled in the cause of *"Bessie E. Arnold v. Income Properties Corporation and Arnold and Company, E* 49-270." The bill is similarly entitled. The decree recites that the cause came on to be heard, was argued by one of the solicitors for the complainant and that "no one appeared on behalf of the defendant, Income Properties Corporation." The complainant here has not produced any evidence from the records of the Federal Court in New York showing that subpoena was issued and service thereof made upon the defendant. Unless therefore the defendant appeared voluntarily in the cause, the court which rendered the decree was without jurisdiction over the defendant, and the decree is not a decree which courts elsewhere will recognize. *Mitchell v. Garrett,* 5 *Houst.* 34, 39.

The complainant, however, contends that the defendant voluntarily appeared in the cause in which the New York decree was entered. That the defendant did not appear at the final hearing and argument of it, is apparent from the recital at the outset of the decree. Nor does it satisfactorily appear from any of the tendered exhibits that the defendant appeared at any earlier stage of the cause.

The complainant conceives that the other exhibits do as a matter of fact show that the defendant had appeared in the cause prior to the handing down of the decree. I do not think so.

Those other exhibits consist of an answer filed on behalf of the defendant by one Herman J. Witte, purporting to be its solicitor, a stipulation executed by the defendant

that David K. Shappiro be substituted for Witte as solicitor for the defendant, and an order of the court that the substitution be made.

As to the answer, while it was the answer of Income Properties Corporation, yet it was filed in a cause entitled *"Bessie E. Arnold vs. Ray H. Arnold, Income Properties Corporation and Arnold and Company, Eq. Vol. 49, p. 270."* It is to be observed that the cause so entitled has a defendant, Ray H. Arnold, who was not a defendant in the bill and decree before referred to. The docket number and the page are the same, to be sure, in both cases. But that does not necessarily mean that the apparently different causes were in fact the same, for it is not inconceivable that two causes may have been docketed on the same page. The answer purports to be an answer to an amended bill. It may therefore be that the causes are the same, the original bill having been amended by the joining of Ray H. Arnold as a party defendant. But that fact does not appear.

As to the stipulation that Shappiro be substituted for Witte as solicitor for Income Properties Corporation, this is to be said. The stipulation is captioned as the suit of *Bessie E. Arnold v. Income Properties Corporation and Arnold and Company,* after the style of the original bill and the decree. But it nowhere appears as before indicated that prior to the stipulation Witte had ever appeared as the solicitor of the defendant in the cause so entitled. Furthermore the stipulation was not entered into before June 19, 1931, about three months after the decree had been entered; and when the court entered its order permitting the substitution it was in the cause to which Ray H. Arnold was a party defendant, a different cause, apparently, from the one in which the decree here sought to be enforced was entered.

Thus there is great uncertainty and confusion upon the question of whether the defendant ever voluntarily ap-

peared in the cause in which the decree was entered which the present bill seeks to have enforced.

The decree on its face not only fails to disclose jurisdiction over the defendant previously acquired, but to an extent at least, though not necessarily to the full extent, negatives that fact.

In this state of the matter, I conclude that the tender of the exhibits should be rejected. Enough affirmatively appears from the copies of the records of the Federal Court which entered the decree to require the complainant to produce copies of more of that court's records than she has offered before any of them can be admitted in evidence. The complainant may have the opportunity, if desired, of doing this.

The defendant made the further objection that so far as appears the decree may have been appealed from, and that until the complainants shows the contrary the decree, even though it were clearly supported by a showing of jurisdiction over the defendant, should not be admitted in evidence. In pleading a judgment or decree which purports to be final, it is not necessary to allege that it was not appealed from. If it was and the fact is important, that is a matter for the defense to show. *Murphy v. Citizens' Bank*, 82 *Ark.* 131, 100 *S.W.* 894, 11 *L.R.A.* (*N.S.*) 616, 12 *Ann. Cas.* 535; 2 *Freeman on Judgments* (*5th Ed.*) § 1104, *p.* 2296.

The objection to the admission of the tendered exhibits is sustained.