**In re Bradley M. JAMES, Debtor.**

**Manix Energy, Ltd., Plaintiff,**

**v.**

**Bradley M. James, Defendant.**

**Bankruptcy No. 03–50276–C.**
**Adversary No. 03–5062–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Oct. 22, 2003.

---

Marshall L. Armstrong and Robert L. Barrows, Warren, Drugan & Barrows, PC, San Antonio, TX, for Plaintiff.

Penny K. Habbeshaw, San Antonio, TX, for Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION REQUESTING THE COURT TO TAKE JUDICIAL NOTICE OF OFFICIAL RECORDS, DEPOSITION TRANSCRIPT AND EXHIBITS TO DEPOSITION IN PART AND DENYING IN PART PLAINTIFF'S REQUEST THAT THE COURT RECEIVE THESE DOCUMENTS INTO EVIDENCE**

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. On September 26, 2003, Plaintiff Manix Energy, Ltd. ("Manix") filed a Motion Requesting the Court to Take Judicial Notice of Official Records, Deposition Transcript and Exhibits to Deposition ("Motion") and that the Court receive such documents into evidence. On October 8, 2003, Defendant Bradley M. James ("James") timely filed a Defendant's Response to Plaintiff's Motion to Take Judicial Notice objecting to the propriety of taking judicial notice of these records and requesting a hearing to object to the admissibility of this evidence. As discussed below, the Court GRANTS Manix's Motion Requesting the Court to Take Judicial No-

tice of Official Records, Deposition Transcript and Exhibits to Deposition in part as to the fact that documents were filed in a prior related case involving James' corporation but DENIES in part Manix's request that this Court receive such documents into evidence. This order has no effect on whether these documents can be used under the doctrines of judicial estoppel or law of the case or whether they are independently admissible in this proceeding under the Federal Rules of Evidence.

## I. *Factual Background*

Pure Energy, Group, Inc. ("Pure"), with James as their President, filed a voluntary Chapter 11 petition on November 21, 2001. Pure was represented by different counsel, Mr. William H. Oliver, than James is in this case, Ms. Penny K. Habbeshaw. In the adversary proceeding of *Pure Energy Group, Inc. v. Manix Energy, Ltd.,* No. 02–5010, James was an intervenor in that case, gave deposition testimony, and was represented by Ms. Habbeshaw.

On January 13, 2003, James filed an individual voluntary Chapter 7 petition. On his petition, James listed Manix as an unsecured nonpriority creditor for a guaranty agreement in the disputed amount of $7,619,112. Manix filed an adversary proceeding on April 15, 2003 with their Complaint Objecting to Discharge or, in the Alternative, to the Dischargeability of Debt. Manix claimed in their Complaint that on November 12, 1999, Pure executed a promissory note in Manix's favor for $8,536,367.97. Part of this note was repaid to Manix during Pure's Chapter 11 case. During discovery of Pure's case, Manix learned that James had used some of Pure's funds for personal expenses. Manix objected to James' discharge through the filing of this adversary proceeding.

According to Manix's Motion, Manix requests that this Court take judicial notice of the following ten official records and receive these documents into evidence:

a. Transcript of this Court's orders from February 7, 2002 in open court in the Pure bankruptcy case related to motions to use cash collateral and for relief from automatic stay and an application to employ (Docket # 93, No. 01–55536). The attorney there for Pure was Mr. Oliver.

b. Transcript of the testimony of James in the Pure bankruptcy case before this Court on February 1, 2002 (Docket # 304, No. 01–55536). The attorney for Pure was Mr. Oliver.

c. Judgment rendered in Adversary Proceeding No. 02–5010, *Pure Energy Group, Inc. v. Manix Energy, Ltd.* (Docket # 55, No. 02–5010). This order was signed by this Court on May 30, 2003 and the attorney for Pure was Mr. Oliver.

d. Second Amended Disclosure Statement of Pure in the Pure bankruptcy (Docket # 236, No. 01–55536). This was signed by Mr. Larry B. Cochran, Pure's CFO, and the attorney for Pure was Mr. Oliver.

e. Second Amended Plan of Reorganization of Pure in the Pure bankruptcy (Docket # 237, No. 01–55536). This was signed by Mr. Larry B. Cochran, Pure's CFO, and the attorney for Pure was Mr. Oliver.

f. Transcript of the deposition of James taken January 23, 2002 in the Pure Adversary Proceeding (Appendix A). This document was not found under either Case Number but was supplied by Manix's counsel. Mr. Oliver represented James at this deposition.

g. Pure's Note Receivable ledger for James (Appendix B). This document was not found under either

Case Number but was supplied by Manix's counsel.

h. Statement of Income by Well compiled by Pure (Appendix C; introduced as evidence in the Pure bankruptcy on January 31, 2002). This document was not found under either Case Number but was supplied by Manix's counsel.

i. Summary of Schedules filed by Pure in the Pure bankruptcy (Docket # 28, No. 01–55536). This was signed by James.

j. Statement of Financial Affairs filed by Pure in the Pure bankruptcy (Docket # 28, No. 01–55536) (this is actually found under Docket # 25). This was signed by James.

*See* Manix's Motion, ¶ 4.

## II. *Judicial Notice*

■ The usual method of establishing facts in a proceeding is through the introduction of evidence with the testimony of witnesses or proffering of documents to be admitted into evidence. *See* Russell, *Bankruptcy Evidence Manual,* § 201.1 (West 2000 ed.). If particular facts are outside the area of reasonable controversy, this process of authenticating evidence may be unnecessary, but a high degree of indisputability is the essential requirement. *See id.* Thus, judicial notice is a substitute for formal proof. *See id.*

■ Under the Federal Rules of Evidence, the scope of judicial notice covers only adjudicative facts. *See* Fed. R. Evid. 201(a). A court may take judicial notice, whether requested or not, at any stage in the proceeding. *See* Fed. R. Evid. 201(c) & (f). A court must take judicial notice "if requested by a party and provided with the necessary information." Fed. R. Evid. 201(d). Such notice is appropriate only of a fact "not subject to reasonable dispute in that it is either (1) generally known within

the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, a party is "entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed. R. Evid. 201(e).

■ The party requesting judicial notice has the burden of persuading the trial judge that the fact is appropriate for judicial notice. *See* Russell, *Bankruptcy Evidence Manual,* § 201.3 (West 2000 ed.). If a party requests judicial notice of some fact, the party must (1) persuade the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned", and (2) must also supply the court with the source material needed to determine whether the request is justified. *See id.*

## III. *Analysis*

■ It has become a commonly-accepted practice to take "judicial notice" of a court's records. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶¶ 201[03] at 201–35 to –40 (1992). The practice is particularly useful in bankruptcy litigation in which individual adversary proceedings and contested matters, each of which is procedurally distinct and has its own record, all occur within, and are affected by, the context of the parent bankruptcy case. *See id.* It would not be error for a court to "take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.,* 760 F.2d 580, 587 (5th Cir.1985); *Wilson v. Huffman (In re Missionary Baptist Foundation of America),* 712 F.2d 206, 211 (5th Cir.1983); *State of Florida*

*Bd. of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir.1975).

■ However, the taking of "judicial notice of court records" generally has a limited purpose. It is often "merely a way of simplifying the process of authenticating documents which would generally require certification under FRE 901 and 902, and overcoming FRE 1002 best evidence problems." Russell, *Bankruptcy Evidence Manual*, § 201.5 (West 2000 ed.). Thus, the fact that documents in the record are genuine does not mean that courts can automatically accept as true the facts contained in such documents because other objections, such as hearsay, may prevent their introduction into evidence. *See id.*

■ Courts realize that there is a "very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact." *In re Earl*, 140 B.R. 728, 731 n. 2 (Bankr.N.D.Ind.1992); *see also* Russell, *Bankruptcy Evidence Manual*, § 201.5 (West 2000 ed.). This Court is well aware that judicial notice can be taken as to the existence of documents, such as proofs of claim or a debtor's schedules, without inquiring whether the information contained in them is true. *See In re American Solar King Corp.*, 90 B.R. 808, 829 (Bankr.W.D.Tex.1988). Accordingly, in this case, there is a significant difference between Manix's request for this Court to take judicial notice of the existence of the fact that James testified in the Pure case, in his capacity as President, and a request for this Court to receive such prior testimony into evidence in this proceeding.

■ The Federal Rules of Evidence 104(a) and 1101(d)(1) make clear that Rule 201 typically does not apply to facts considered by a court when ruling on the admissibility of evidence. *See* FED. R. EVID. 104(a) (stating that, when deciding "preliminary questions concerning ... the admissibility of evidence[,] ... [the court] is not bound by the rules of evidence except those with respect to privileges"); FED. R. EVID. 1101(d)(1) (stating that the Federal Rules of Evidence, except with respect to privileges, are "inapplicable ... [to] the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104."); *see also Invest Almaz v. Temple–Inland Forest Prods. Corp.*, 243 F.3d 57, 69 (1st Cir.2001) (stating that, "[w]here the judge is taking judicial notice of a fact for the purpose of ruling on the admissibility of evidence, he may do so without regard to Rule 201."). Thus, though this Court may take judicial notice of the existence of the documents filed in the prior proceeding, this Court does not receive any of those documents into evidence in this case because that involves a separate process of determining the admissibility of evidence.

■ Moreover, courts "do not search outside a record in order to notice documents in another case, even where the same parties are involved, unless the proceedings are put in evidence." *In re Hillard Dev. Corp.*, 238 B.R. 857, 865 (Bankr. S.D.Fla.1999); *see also Funk v. Comm'r of Internal Revenue*, 163 F.2d 796 (3d Cir. 1947); *Paridy v. Caterpillar Tractor Co.*, 48 F.2d 166 (7th Cir.1931). In a similar proceeding to the case at bar, *The Hillard* court determined that it would be "ridiculous" to spend the "hundreds of hours it would take to comb through the court files in the various base cases." *Id.* Although this Court is required to search this record

in this adversarial proceeding when considering this or other motions, that record does not include the record in James' main bankruptcy case, nor, for that matter, the prior Pure bankruptcy case. *See id.*

In addition, accepting Manix's contention of which official records should be judicially noticed, such as lengthy deposition transcripts, disclosure and financial statements, plans of reorganization, note receivable ledgers, and schedules, would unintentionally force this Court to consider both relevant and irrelevant testimony, voluminous documents, and figures "without any conceivable relationship to the pending motion" or case at bar. *Id.* Expanding the record without specifying which particular facts should be noticed would put the parties at risk because, given the voluminous deposition transcripts and other records in the Pure case, the Court " 'might well draw inferences from the facts unanticipated by either party' " and "could easily undermine the adversary process by usurping the role of counsel." *Id.* Consequently, Manix has failed to carry its burden to identify or highlight which particular adjudicative facts, contained within the many documents requested, should be judicially noticed.

Furthermore, deposition transcripts or other documents which are not attached to or incorporated into the record on a motion can not be considered. *See Maier–Schule GMC, Inc. v. Gen. Motors Corp.,* 154 F.R.D. 47 (W.D.N.Y.1994). In this case, because the majority of the records to be noticed were not submitted, they can not be considered. In a similar case to the proceeding at bar, the Ninth Circuit affirmed the bankruptcy court's refusal to take judicial notice of the truth of the contents of the deposition of a debtor's son taken in connection with another matter in the same case. *See In re Blumer,* 95 B.R. 143 (9th Cir. BAP 1988) (stating that re-sorting to judicial notice does not permit the bankruptcy court to accept as true the contents of all documents found within the court's own records).

■ With the exception of Appendices A–C (items f-h in Manix's Motion), Manix has failed to supply the Court with the necessary source material needed, namely items a-e and i-j, to determine whether their request is justified. It is not this Court's function to lay a record for the attorneys involved in this case. *See In re Tyrone F. Conner Corp.,* 140 B.R. 771, 782 (Bankr.E.D.Cal.1992); *see also In re Scott,* 182 B.R. 31, 32 n. 2 (Bankr.W.D.Ark.1995). In other words, the invocation of Federal Rule of Evidence 201(d) does not relieve a party of the duty to gather, organize, and present evidence to the court. *See generally* Russell, *Bankruptcy Evidence Manual,* §§ 201.5–.8 (West 2000 ed.). Thus, although Manix demands that this Court take judicial notice, it has failed to specify the particular adjudicative facts to be noticed and did not supply the necessary information. Judicial notice, while it may cure authentication, does not cure any customary objections involved in the admissibility of evidence, such as relevance, prejudice, or hearsay. Therefore, though this Court may take judicial notice of the existence of the documents requested by Manix to be noticed, the Court does not receive them into evidence because they are still subject to the general evidentiary objections as to their admissibility under the Federal Rules of Evidence.

■ Judicial notice of the record in a prior proceeding is generally proper if the prior case involved the same parties who are now before the Court. *See Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 157, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969). An adversary proceeding, though related to a base debtor case, is a separate judicial proceeding, distinct from the col-

lective proceeding referred to in bankruptcy parlance as the "case" or "base case." *In re KZK Livestock, Inc.,* 221 B.R. 471, 475 n. 3 (Bankr.C.D.Ill.1998). Thus, in this case, the record of this adversarial proceeding is distinct from the record in James' base case as a debtor, Case No. 03–50276. It follows logically then that the record in this adversarial proceeding is also distinct from the record in the Pure adversarial proceeding. That case was a prior proceeding involving both Manix and James, though he testified in his capacity as President of Pure and not in his individual capacity as in the adversarial proceeding at bar. Therefore, the record in the prior Pure proceeding, though it may have involved most of the same parties as in this case, is clearly distinct from the record of an adversarial proceeding of an individual debtor. Thus, the requested documents in the prior proceeding, though this Court judicially notices that they exist, can not be admitted into evidence in this case simply through invoking the doctrine of judicial notice.

 The doctrines of judicial estoppel and law of the case and whether these documents may withstand objections under the Federal Rules of Evidence, such as relevance, prejudice, or hearsay, are not precluded by this order. The doctrine of judicial estoppel "generally operates to preclude a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation." *In re Phillips,* 124 B.R. 712, 713 (Bankr.W.D.Tex.1991); *see also* Russell, *Bankruptcy Evidence Manual,* § 61 (West 2000 ed.). The main purpose behind the judicial estoppel doctrine is that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position."

*Forty–Eight Insulations, Inc. v. Aetna Casualty & Surety Co.,* 162 B.R. 143, 147 (N.D.Ill.1993); *see also* Russell, § 61. Thus, the doctrines of judicial estoppel and law of the case, as well as any questions of admissibility under the Federal Rules of Evidence, are not precluded by this order.

## IV. *Conclusion*

Accordingly, the Court grants Manix's Motion Requesting the Court to Take Judicial Notice of Official Records, Deposition Transcript and Exhibits to Deposition in part as to the existence of these documents in a prior related case, without the need for a hearing, but denies in part Manix's request to admit these documents into evidence. Therefore, this order has no effect on whether these documents may be used under the doctrine of judicial estoppel or law of the case nor whether they are independently admissible in this proceeding, for the truth of the matters asserted, under the Federal Rules of Evidence.

For these reasons, Manix's Motion Requesting the Court to Take Judicial Notice of Official Records, Deposition Transcript and Exhibits to Deposition is GRANTED in part as to their existence, but DENIED in part as to this Court receiving those documents into evidence.