[No. 1392.    August 26, 1911.]

JOSEPH BROWN OLIVER, ET AL., Appellants, v. JOSE ENRIQUEZ, Appellee.

### SYLLABUS (BY THE COURT).

1. A trial court cannot in one case take judicial notice of its own records in another and different case, even though between the same parties and in relation to the same subject matter.

Appeal from the District Court for Dona Ana County.

Oliver v. Enriquez, 16 N. M. 322.

before E. R. WRIGHT, Associate Justice. Reversed and remanded.

WADE & WADE for Appellants.

Term time and vacation. Territory v. Armijo, 14 N. M. 202; Hendry v. Cartwright, 13 N. M. 384; Phillips v. Negley, 117 U. S. 665; ex parte Sibald v. United States, 12 Peters 488; Grames v. Hawley, 50 Fed. 319; Bronson v. Schulten, 104 U. S. 410; Weaver v. Weaver, 15 N. M. 333; Horton v. Miller, 38 Pa. St. 270; C. L. 1897, sec. 905; N. M. Laws 1851, Act of July 12, sec. 5; Prince's Laws 1880, p. 129; State ex rel. Root, et al. v. McHatton, 25 Pac. 1046, Mont.; C. L. 1897, sec. 2685, sub-secs. 103, 134, 137; U. S. v. Irrigation Co., 13 N. M. 386; U. S. v. Gwyn, 4 N. M. 635; 2 Daniel's Chancery Pleading and Practice 993; Laws 1901, chap. 11, p. 29; 25 Cyc. 907; Ellis v. Ellis, 92 Tenn. 471; Banegas v. Brackett, 34 Pac. 344, Cal.; People v. Davis, et al., 77 Pac. 651, Cal.; People v. Temple, 103 Cal. 447; Canadian etc. Co. v. Clarita etc. Co., 74 Pac. 301; Moore v. Superior Court, 86 Cal. 495; Young v. Fink, 50 Pac. 1060.

A court cannot take judicial notice of the files of its court in other cases. 16 Cyc. 918; Laws 1907, chap. 107, sec. 14; 23 Cyc. 1058; People v. Davis, 77 Pac. 651, Cal.; People v. Temple, 37 Pac. 416, Cal.; Ritchie v. Sayers, 100 Fed. 520; Paul v. Willis, 69 Tex. 261; Thomas v. American, etc., Mortgage Co., 47 Fed. 536; Hatch v. Fergusson, 68 Fed. 45; Crossman v. Vivienda Water Co., 89 Pac. 335; ex parte Lange, 85 U. S. 872; in re Bennett, 84 Fed. 324; Jones on Evidence, sec. 124; Elliott on Evidence, sec. 58; Ollschlager's Estate, 89 Pac. 1049, Ore.; Simon v. Durham, 10 Ore. 52; 17 A. & E. Enc., 2 ed., 926; Pacific Iron and Steel Works v. Georig, 104 Pac. 151, Wash.; Ralph v. Hensler, 32 Cal. 243; Arkansas v. Kansas & Texas Coal Co., et al., 183 U. S. 190; Thayer Evidence, chap. 7, p. 28; Banks v. Burnham, 61 Me. 76; Daniels v. Bellamy, 91 N. C. 78; Jones on Evidence, sec. 24; Murphy v. Bank, 100 S. W. 895, Ark.; Lownsdale v. Gray, etc. Co., 103 Pac. 833; 11 L. R. A., N. S. 616;

Kinsey v. Ford, 38 Barb. 195, N. Y.; 23 Cyc. 1532; 16 Cyc. 918; Lake Merced Water Co. v. Cowles, 31 Cal. 214; Streeter v. Streeter, 43 Ill. 155; Gibson v. Buckner, 65 Ark. 84; Ralphs v. Hensler, 97 Cal. 296; Stanley v. McElrath, 22 Pac. 673; People v. De la Guerra, 24 Cal. 73; Downing v. Howlett, 6 Colo. App. 291; Montreal Bank v. Taylor, 86 Ill. App. 388; Granger v. Griffin, 78 Iowa 759; Enix v. Miller, 54 Iowa 551; Baker v. Mygatt, 14 Iowa 131; State v. Bowen, 16 Kas. 475; Thayer v. Honeywell, 7 Kas. App. 548; Anderson v. Cecil, 86 Md. 490; Spurlock v. Missouri Pac. R. R. Co., 70 Mo. 67; Bank v. Burnham, 61 Mo. 76; Adler v. Lange, 26 Mo. App. 226; Grace v. Ballou, 4 S. D. 333; Goodwin v. Harrison 28 Tex. Civ. App. 7; McCormick v. Herndon, 67 Wis. 648; Commonwealth v. Hill, 11 Cush. 137, Mass.

Adverse possession. 1 Cyc. 983; Johnston v. City of Albuquerque, 12 N. M. 20.

Judgment. Laws 1907, chap. 57, sec. 38.

LLEWELLYN & MEDLER and W. R. REBER for Appellee.

Mere assertion made on appeal by plaintiff's counsel is not evidence against defendant. Laws 1907, chap. 57, sec. 38; Adams v. Savey House Hotel Co., 107 Wis. 109; Sanchez v. A. T. & S. F. R. R. Co., 90 S. W. 689, Texas; Force v. Hurd, 185 Mo. 583; McKenner Est. v. McCormick, 65 Neb. 595; Turpin v. Sudduth, 53 S. C. 295; Whetstone v. Livingstone, 54 S. C. 539.

Court had jurisdiction to set aside decree. 12 Enc P. & P. 162; U. S. v. Union Pacific, 160 U. S. 1; Leighton v. Young, 52 Fed. Rep. 439; U. S. v. Guglard, 79 Fed. Rep. 21; Brooks v. Stolley, 3 McLain 527, U. S.; Clark v White, 12 Pet. 188, U. S.; Oelrichs v. Spain, 15 Wall. 228, U. S.; Boyd v. Hunter, 44 Ala. 705; Vick v. Beverly, 112 Ala. 458; Fries v. Griffin, 35 Fla. 212; Street v. Smith, 15 N. M. 95; Territory v. Webb, 2 N. M. 147; Wagner v. Eaton, 2 N. M. 211; Territory v. Yarberry, 2 N. M. 391; U. S. v. de Amador, 6 N. M. 173.

Notice. Dame v. Cochiti Reduction, etc. Co., 13 N. M. 10; U. S. v. Irrigation Co., 13 N. M. 386.

Term. Weaver v. Weaver, 15 N. M. 333; C. L. 1897, sec. 2875; Territory v. Armijo, 14 N. M. 202; Laws 1905, chap. 26; C. L. 1897, sec. 2685, sub-sec. 137; Voorhees v. Bank, 10 Pet. 449, U. S.

Order setting aside decree cannot be attacked collaterally. Thompson v. Tolme, 2 Pet. 155, U. S.; Voorhees v. Bank, 9 Pet. 447.

If a judgment of a court is not absolutely void it is valid until vacated, reversed or altered, notwithstanding its manifest illegality. U. S. v. Orrendondo, 6 Pet. 709, U. S.; Voorhees v. Bank, 10 Pet. 449, U. S.; Thompson v. Tolme, 2 Pet. 155, U. S.; Cocke v. Halsey, 16 Pet. 71; People v. Sturtevant, 9 N. Y. 203; Erie R. R. Co. v. Ramsey, 45 N. Y. 637.

A court may notice its own records showing a disposition made of another case on which rights in the pending controversy depend. Poole Gilliam Co. v. Deney, 70 Iowa 275; Thornton v. Webb, 13 Minn. 498; Briston v. Fischer, 81 Mo. App. 368; Crawford v. Duckworth, 3 Ind. Ter. 10; Parker v. Panhandle National Bank, 35 S. W. 31; Avocato v. Dell'Ara, 84 S. W. 444; Butler v. Eaton, 141 U. S. 240; Cramer v. Eaton, 168 U. S. 129; Bresnahan v. Trip, 72 Fed. 922; Mach. Co. v. Goddard, 95 Fed. 666; Wood v. Cahill, 50 S. W. 1064, Texas; Scott v. Armstrong, 146 U. S. 573.

The court must take judicial notice of everything which the court whose judgment it is reviewing was bound to notice. Tichner v. Rutledge, 35 Wash. 285; March v. Commonwealth, 12 B. Mon. 25, Ky.; Steenerson v. Great Northern Ry. Co., 69 Minn. 353; Foley v. State, 42 Neb. 233; Smith v. City, 27 Kas. 528; Towne v. Velton, 35 W. Va. 217; Loyd v. Matthews, 155 U. S. 222; People v. Mays, 113 Cal. 618.

## OPINION OF THE COURT.

MECHEM, A. J.—This is an action in ejectment brought by appellants. Judgment was entered against them on a verdict by a jury and they appeal. But for the

oversight of appellant's counsel, this case might have been before us on its merits. As it is, we are compelled to send it back for another trial, leaving untouched what is really the main contention between the parties. It seems that the appellants, in another action in the same court, obtained a final decree against the appellee quieting their title as against him to the land involved in this action. Appellee, a few days before the trial of this action, applied to Judge Wright for an order vacating the decree in the equity suit, which application was granted. When this action came on for trial, appellant's counsel offered in evidence the decree in the equity suit. Counsel for appellee objected, because the decree had been vacated. Counsel for appellants, in replying to this objection, called the court's attention "to the fact that its own record shows that no motion was filed on behalf of the defendant to set aside the decree in question until more than sixty days after such decree was entered of record; and that the order setting aside the decree was not made until four or five months after the decree was entered." The court then suggested that it would be better to "get an abstract of the record on that point offered in connection with this, so as to get it into the record of this case," to which counsel for appellants replied: "We will offer a certified copy of that in the morning and also the motion that was filed and show when it was filed." The court then denied the offer and appellants excepted and rested their case. The certified copy of the motion to set aside the decree was never put in the case, and, as far as the record before us is concerned, it stands as though the court below refused to allow appellants to introduce in evidence the equity decree, which was, to all intents and purposes, in full force. Obviously the court committed error, unless it could have taken judicial notice of the subsequent proceedings in the suit to quiet title, and such is the contention of appellee, and presents the only question for our determination.

We hold that a trial court cannot in one case take judicial notice of its own records in another and different case, even though between the same parties and in relation to the same subject matter. 16 Cyc. 918; Mur-

phy v. Citizens Bank of Junction City, 82 Ark. 131; 12 Am. & Eng. Ann. Cases 535, and case note, p. 537.

The judgment of the lower court is reversed and the cause remanded.