[No. 3479. Dec. 20, 1930.]

[On Rehearing April 10, 1931.]

DODRILL v. STATE BANK OF ALAMOGORDO.

[297 Pac. 144.]

Holt & Holt, of Las Cruces, for appellant.

J. L. Lawson, of Alamogordo, for appellee.

OPINION OF THE COURT

SIMMS, J.

Appellee brought suit to quiet title against appellant, who answered and pleaded a tax title, setting up its tax deed dated August 19, 1926, reciting a sale on April 4, 1919, for delinquent taxes of 1917; the county being the

purchaser and transferring to appellant the certificate of sale on July 20, 1926. Appellee filed his reply to this answer, in which he attacked the tax title on several grounds, and, among them, alleged: (a) That no complaint was ever filed against his land in the general tax suit for 1917; (b) no judgment was rendered against his land; (c) no assignment of the certificate was ever in fact made by the county to appellant, and if any such certificate in fact existed, it was still the county's property. To this reply, appellant demurred and was sustained as to several technical defects in the tax proceedings; but as to the three allegations above specified, the trial court held that the reply tendered an issue of fact which the demurrer could not reach. He overruled it and appellant stood upon its demurrer and suffered judgment holding its tax title void. The record recites the hearing of evidence introduced by appellee prior to judgment, and since there is no bill of exceptions we must decide appellant's appeal on the record proper.

█ It seems to be appellant's position that the curative features of section 10, c. 80, Laws of 1917, cut off inquiry as to the judicial proceedings upon which his tax deed was based. That section reads as follows:

"* * * Any final judgment for the sale of any such real estate for delinquent taxes rendered in accordance with the provisions of this act shall estop all parties from raising any objection thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree, and which could have been presented as a defense to such action in a court wherein the same was rendered, and as to all such questions the judgment shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases · where the taxes have been paid or the real estate was not liable to the tax or assessment. Counties purchasing at tax sales shall be deemed purchasers within the meaning of this act."

Doubtless if appellee's land was included in the tax suit and judgment rendered against it, the provisions of the foregoing statute would apply. But appellee alleged specifically that his land was not included in the suit—that there was no complaint against his land and no judgment rendered against it. Whatever the effect of the curative provision may be, and however broad its intent and purpose, manifestly it could not apply to one whose land was

not included within the action. Thus there was a clear-cut issue of fact as to whether appellee's land was sued, adjudged, and ordered sold by the court. If his land was not included, appellee was not a party to the suit and could have made no defense therein for want of a cause of action against his land. The mere fact that there is a tax judgment on file against somebody's land does not affect the fact that unless appellee's land was included he is not in any way bound by the judgment.

The same is true of the allegation that the certificate was never sold to appellant by Otero county and was still held and owned by the county. If this was true, appellant had no right to a tax deed; he was a stranger to the matter and no officer could make him a present of a valid deed when the county owned the certificate. With such allegations of the reply admitted by the demurrer, manifestly there was nothing for the court to do but hold that issues of fact were presented.

Appellant undertakes to aid itself by claiming that the lower court should have taken judicial notice of the existence of the complaint and judgment in the tax suit and the assignment of the tax certificate, and says that, by implication, the existence of all were admitted. The trouble with this argument is that whatever recitals the tax deed contained were denied as to the matters under discussion, by the reply. The demurrer was launched against the appellee's pleadings as they stood. Nothing that the demurrer could properly contain would serve to bring in additional facts. "Speaking demurrers" should be overruled. 49 C. J. "Pleading," 424.

Nor could the court in passing on the demurrer take judicial notice in this case of the proceedings in the tax suit. Oliver v. Enriquez, 16 N. M. 322, 117 P. 844, Ann. Cas. 1913A, 140; Elgin v. Gross-Kelly & Co., 20 N. M. 450, 150 P. 922, L. R. A. 1916A, 711.

It follows that the trial court was right in overruling appellant's demurrer as to issues of fact material to the cause. There being no bill of exceptions, we are not in position to examine the correctness of the judgment ren-

dered upon evidence introduced by appellee. The judgment should be affirmed and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.

ON REHEARING

PER CURIAM.

After careful consideration upon the rehearing, we adhere to the decision and opinion heretofore filed.

BICKLEY, C. J., and WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.