28 P.(2d) 1

**HARRIS v. SINGH.**

No. 3823.

Supreme Court of New Mexico.

Oct. 23, 1933.

Rehearing Denied Jan. 9, 1934.

Jones, Goldstein, Hardie & Grambling, of El Paso, Tex., E. R. Wright, of Santa Fé, and W. C. Whatley, of Las Cruces, for appellant.

Holt & Holt and R. L. Young, all of Las Cruces, for appellee.

WATSON, Chief Justice.

This is a second appeal. The first resulted in reversal of a judgment for the plaintiff, the cause having been remanded with a direction to sustain the demurrer to the complaint. Harris v. Singh, 34 N. M. 470, 283 P. 910.

The cause having been reinstated in the district court, an order was entered, without objection, sustaining the demurrer, with leave to plead over. Thereupon plaintiff filed his amended complaint upon which another trial was had, plaintiff again recovering, and defendant appealing.

By the amendment the orginal complaint was thus varied:

(a) A new allegation was included that Argan Singh and Rattn Singh were copartners doing business under the firm name and style of "Rattn Singh."

(b) The allegation that Rattn Singh gave *his* promissory notes was abandoned for an allegation that he gave the promissory notes of the partnership, executed by him in and under the partnership name of "Rattn Singh."

(c) Paragraphs VIII, IX, and X set up in full in our former opinion were recast. For ready comparison we repeat them as reformed. The words in italics have been imported by the amended complaint. A few immaterial verbal variances are disregarded:

"VIII. That during the period of time commencing on or about the 1st day of February, 1919, and continuing thereafter and during all of the times *hereinbefore and* hereinafter mentioned, defendants, Argan Singh and Rattn Singh, were co-partners, *as aforesaid,* doing a general farming business in the County of Imperial and State of California, *under the firm name and style of* '*Rattn Singh*'; that during the existence of said general co-partnership it became and was necessary for said co-partners *doing business as aforesaid, in the aforesaid co-partnership name,* to borrow large sums of money to carry on said farming operations and to execute notes, mortgages and other evidences of indebtedness and security for the repayment of the same; that in pursuance of, *and in the conduct of the* aforesaid co-partnership business, *so as aforesaid conducted under and in the name of the aforesaid* '*Rattn Singh*', the defendant Rattn Singh, being thereunto duly authorized by the aforesaid co-partner, Argan Singh, and acting for and on behalf of said co-partnership, *and under and in the aforesaid co-partnership name,* did, for a valuable consideration, make, execute and deliver to the Farmers and Merchants Bank of Imperial, California, a banking corporation duly organized and existing under the laws of the State of California, and conducting a general banking business at the city of Imperial, Imperial County, California, certain promissory notes; that by virtue of the execution of such notes and evidences of indebtedness, the aforesaid Farmers and Merchants Bank of

Imperial did loan to the aforesaid defendants, *as co-partners* as aforesaid, large sums of money, which said sums of money were used by the said defendants in the conduct of their *aforesaid* general co-partnership operations.

"IX. That the amounts so advanced and loaned by said bank to said defendants, *doing business under and in the aforesaid name and style,* on the 24th day of March, A. D. 1922, there remained unpaid to the aforesaid bank, the sum of Thirteen Thousand ($13,000.-00) Dollars; that on the said 24th day of March, 1922, the said Farmers and Merchants Bank of Imperial did, for a valuable consideration, on the day last aforesaid, sell, assign, transfer and set over to the said J. A. Harris the said indebtedness remaining due said bank in the amount of Thirteen Thousand ($13,000.00) Dollars, and did then and there endorse, assign and deliver to the said J. A. Harris, plaintiff herein, the notes and securities representing said indebtedness held by said bank.

"X. That on said 24th day of March, A. D. 1922, in order to renew and extend a part of the aforesaid co-partnership indebtedness, the aforesaid Rattn Singh, acting for and in behalf of himself and the aforesaid Argan Singh, *as co-partners as aforesaid, and in the aforesaid partnership name,* with authority from the aforesaid Argan Singh so to do, *and under and in the aforesaid co-partnership name of 'Rattn Singh',* did make, execute and deliver to the said plaintiff, J. A. Harris, the promissory note hereinabove mentioned and set forth, which said promissory note is still had, held, possessed and owned by the said plaintiff, J. A. Harris. That the said Argan Singh and Rattn Singh, have disposed of the property belonging to their said co-partnership."

Appellant attacked this amended complaint by motion to strike and by demurrer, in both taking the position that the suit was barred by limitation. The demurrer and motion having been overruled, this question of limitation was carried into the answer as a separate defense, but went out on appellee's successful demurrer to it.

This appeal presents two principal questions; whether the action is barred; and whether the evidence sustains the findings and judgment.

Appellee contends that the first point is not properly before us. This we may pass, in view of our conclusion upon the point itself.

The original complaint was timely, but the amended complaint was exhibited more than six years after accrual of the cause of action. Appellant contends that in this case the original complaint must be disregarded in computing the time.

Generally an amended pleading will take effect by relation, avoiding the bar of the statute if the original pleading was timely. This will result if the identity of the cause of action has been preserved; but not if the new pleading is amendatory in form only, and is in substance the bringing forward of a new cause of action.

This statement lacks definiteness. It leaves much room for controversy in application. This case is but one of many that have trou-

bled the courts. The question being whether the amendment states a new, or otherwise states the same, cause of action, the answer requires understanding of "cause of action." Unfortunately the term presents different meanings to different minds. Moreover, being susceptible of different meanings, different contexts may require varying interpretations. Much confusion has thus resulted. It would seem wise that, in a jurisdiction where the question is open, decisions disclosing "the view that the phrase is susceptible of any single definition that will be independent of the context or of the relation to be governed," be regarded with caution if not with suspicion. U. S. v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619. Arnold, "The Code 'Cause of Action' Clarified," 19 Am. Bar Ass'n Journal, 215.

As a mere matter of pleading or practice, no objection is made to the allowance of the amendment. It is only as offensive to the statute of limitations that it is urged the court should have stricken it or held it demurrable. When that question is involved, it is claimed a closer scrutiny is required, citing Bremen Mining & Milling Co. v. Bremen, 13 N. M. 111, 79 P. 806, 812, and Union Pacific R. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983.

A line of authorities is then cited to the effect that, if the original complaint, tested by general demurrer, fail to state a cause of action, the doctrine of relation cannot save the amended complaint from the bar of the statute. Such a rule would be fatal in this case. It has the advantage of being definite and of certain application. It makes the statute exceedingly arbitrary and a constant source of peril. It would result in the bar of many claims prosecuted with diligence and not actually stale.

Another line of authorities is offered according to which the original complaint, though subject to general demurrer, may nevertheless stop the running of the statute if it merely requires additional allegations in harmony with, and serving to complete, its original allegations; but never, it is said, if the new allegations set up a new and different cause of action. This rule requires definition of "cause of action."

We have here, in relation, two matters governed by law; the one, the amendment of pleadings; the other, protection against stale claims. It is contended that the liberal rule of amendment of pleadings must be varied when to observe it would defeat the statute of limitations. Hence it is the true nature and spirit of limitation of actions that concern us; not abstract definitions of "cause of action," or arbitrary criteria of "a new cause of action," devised to test the right to amend when that right was governed by a stricter rule.

In a sense, statutes of limitation are arbitrary. The time itself is fixed and cannot be varied. The question for the courts is whether the time has run—not whether in the particular case the delay has prejudiced the defense. Yet these statutes recognize and exclude circumstances of possible injustice. Hence the various tolling provisions. One such seems to bear upon our present question: "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit

be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." 1929 Comp. St. § 83-110. .

Here we find leniency in the statute itself. It extends even to one who has so far failed in his first action as to be under the necessity of commencing a new suit. In terms it governs every case of failure except negligence in prosecution. An exception from this broad language, by construction, should have good reason to support it.

This court has never interpreted this provision. We evidently adopted it from Iowa. Code Iowa 1924, § 11017. Bullard v. Lopez, 7 N. M. 561, 37 P. 1103; Reymond v. Newcomb, 10 N. M. 151, 61 P. 205. We have not found any Iowa decisions interpreting the provision prior to our appropriation of it. Nor have we found later Iowa decisions helpful. They seem on the whole to hold the plaintiff rather strictly to diligence in prosecution.

In the United States Circuit Court of Appeals, Eighth Circuit, the provision was once invoked in aid of a contention that a certain amended petition should be considered a continuation of the suit and not as asserting a new cause of action. Whalen v. Gordon, 95 F. 305, 37 C. C. A. 70. This decision, by a divided court, might be persuasive here but for the fact that the dissenting opinion seems better to accord with the present federal view as disclosed in U. S. v. Memphis Cotton Oil Co., supra.

Bremen Mining & Milling Co. v. Bremen, supra, did not involve the statute of limitations. The question was whether a suit to redeem from a sale made under power in a trust deed, failing because the redemption statute was not applicable, could be converted by amendment into a suit to vacate the sale. The opinion does make this reservation: "It [the amended complaint] may be an additional cause of action to the extent that the statute of limitation, if pleaded, would operate only from its filing, and not be carried back to the original complaint, as was held in the case of Union Pacific Ry. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983; but even in that case the right of amendment under the Missouri Code was recognized, notwithstanding the fact that the court held it was a new cause of action and was a departure in pleading."

That mere argumentative concession never had controlling force, and now has no persuasive force, since Union Pacific R. Co. v. Wyler, supra, out of deference to which the concession was made, and on which Judge Sanborn so strongly relied in Whalen v. Gordon, supra, seems no longer accurately to represent the view of the highest federal tribunal. U. S. v. Memphis Cotton Oil Co., supra.

The amended complaint before us seeks recovery upon the same transaction, the described notes. The ultimate question is appellee's liability upon them. The amount and the measure of damages are unchanged. There is a change in the theory of liability. But it is facts, not theories, that are to be pleaded. Valdez v. Azar Brothers, 33 N. M. 230, 264 P. 962. A new fact is pleaded; the adoption and use of Rattn Singh's name as that of the partnership. This is incon-

sistent with but a single fact formerly pleaded; the execution by Rattn Singh of *his* notes. According to some tests and some decisions, the new allegation and the omission of the old, might be deemed the assertion of a new and different cause of action. We think that our statute precludes such strictness. Appellant's first contention of error must therefore be overruled.

█ The other point may be disposed of briefly. Sitting as a trial court, we might readily yield to the contention that the name of Rattn Singh was never in fact adopted and used as a partnership name. The learned trial judge flatly found that it was so adopted. We cannot say that the finding is not supported by substantial evidence. Hence it is controlling.

The judgment will be affirmed, and the cause will be remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.

On Motion for Rehearing.

WATSON, Chief Justice.

Appellant renews the contention that the amended complaint was vulnerable to the plea of limitation. The argument does not change our views. It suggests, however, that a decision misunderstood by counsel may confuse others. Some clarification may be useful.

The exact question before us was whether this amended complaint, for the first time stating a cause of action against appellant, should have effect by relation as of the date of the original complaint, and the intermediate running of the statute of limitations be thus avoided.

We intended to make it clear that 1929 Comp. St. § 83-110, is determinative. We think it is, on either of two theories: In the first place, if this provision would toll or open the limitation statute, to permit appellee, after his first failure, to commence a new suit, it would surely avoid the plea of limitation, where, either properly or without objection, he had accomplished the same end by amending his original complaint; the greater right necessarily including the lesser. In the second place, if, following the usual method, as we did not, we had found it necessary to define "cause of action" in this connection, the liberality of this provision in favor of the creditor would forbid a strict or technical definition.

█ It is urged that we failed to pass upon the contention of fact that no partnership existed on March 24, 1922, when the present notes were executed as renewals. A finding to this effect was requested by appellant and rejected. Counsel assume that this negative fact is shown by undisputed evidence. That may be true in the sense that the partners were not, in 1922, as they had been in 1921, pursuing in partnership the business of cotton raising. But no evidence is brought to our attention of any formal act of dissolution, or of any notice of dissolution, and the 1922 renewals had complete relation to 1920 and 1921 business. As we understand, one with whom the partnership has established business relations is not affected by a mere cessation of the

business for which the partnership was created, unless he has notice or knowledge of it.

It is suggested that the partnership was in its nature nontrading. We see no force to this in the present connection. It might limit the ostensible authority of the partners to execute negotiable instruments in the firm name, but that is a matter not before us on this appeal.

The motion for rehearing will be denied.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.