106 P.2d 856

HOBBS v. TOWN OF HOT SPRINGS.

No. 4556.

Supreme Court of New Mexico.

Sept. 18, 1940.

Edward D. Tittmann, of Hot Springs, for appellant.

Rodey & Dickason and Wm. A. Sloan, all of Albuquerque, for appellee.

BICKLEY, Chief Justice.

This action was brought by plaintiff (appellant) to enjoin the defendant (appellee) from extending Main Street of the Town of Hot Springs across certain streets mentioned in the complaint. To the complaint a demurrer was lodged and sustained.. The plaintiff refused to amend and judgment of dismissal was entered, from which this appeal is taken.

Of the facts alleged in the complaint, the following are sufficient to determine the case (we have italicized certain words and phrases deemed to be important in our consideration) :

"IV. That the defendant in a cause numbered 4000 on the docket of the District Court of Sierra County, State of New Mexico is attempting· to condemn real estate belonging to *various persons* for the purpose of building what is called a "Main Street Extension", *a map of which proposed extension has been filed in said cause No. 4000.*

"V. That it appears from *the said map* that the proposed extension will cross the following streets: Birdwood Street, Gasrt Avenue, Clancy Street, Matson Avenue and McElroy Street, all of which are established streets, dedicated to public use and in actual use at this time and have been so for a number of years.

"VI. That said streets have been and are being used by this plaintiff and that they are necessary to the use and enjoyment of the property hereinabove described. That it appears from *said map* that it is the intention of the defendant to cross said streets and avenues *on a grade and level* which would interfere with and obstruct the use of the said streets and avenues.

"VII. That this plaintiff is informed and believes and on such information and belief alleges that the person or persons who direct 'and .control the affairs of the Town of Hot Springs have conspired with certain property owners of said Town who

own property on Main Street which would be benefitted by the construction of such extension. That among the persons who do own such property is one Dr. A. C. White, and one James Knox. That the street extension proposed to be built would *go thru and partially take some of the property owned by said individuals,* but it would also greatly benefit other real estate owned by said persons individually. That a secret understanding has been reached between the aforesaid persons and the mayor of the said Town whereby the house of said Dr. White is to be moved at the expense of the town, and the said Dr. White and James Knox are to be reimbursed for any property taken for said proposed extension at the expense and cost of the taxpayers at a rate which will provide a good and substantial profit to said persons, in addition to the benefit to be derived for them from the opening of said proposed extension.

"VIII. This plaintiff is informed and believes and on such information and belief alleges that none *of the owners of real estate which must be condemned* in order to open said extension have subscribed, offered to subscribe, donated, granted or agreed to accept no compensation for the real estate which is to be condemned, and that in fact a number of such owners have refused to subscribe, donate, grant or give to the defendant any portion of their real estate without compensation, and have refused to subscribe or guarantee the payment of the cost of condemning said real estate and paying for any part thereof.

"\* \* \*

"XII. That the construction of such extension would cause irreparable damage to this plaintiff and to all persons similarly situated, for whose benefit this action is brought, *in this* that it would deprive him of access to the property hereinabove described *except at great cost and inconvenience;* that it would destroy and reduce the value of all real estate hereinabove described and would impair and reduce the value of real estate along what is now designated on the maps of said town as Broadway. That the ulterior motive and design of the proponents of said extension is to destroy as far as possible the present values of real estate along Broadway and enhance some of the values along Main Street, and that the whole plan and scheme is not based on any public necessity but on the expectation of personal profit to the proponents of said plan."

The prayer is: "Wherefore plaintiff prays that an injunction issue against the said town, its agents, attorneys, officers and employes enjoining them from proceeding with the carrying out of the proposed extension and from taking any steps whatever towards the consummation of said plan, and for such other and further relief as to the court may seem meet and proper." (Emphasis ours)

Omitting the formal parts, the demurrer is as follows:

"I. That it appears from the face of the complaint that there is another action pending between the same parties for or relative to the same cause in this state; and

all the matters and things set forth in the complaint herein could be raised by answer or cross-complaint in cause No. 4000 entitled 'Town of Hot Springs, a municipal corporation, vs. F. W. Humphery, et als.'

"II. And for the second grounds of demurrer to the complaint herein the defendant sets forth that the plaintiff, as appears from the face of the complaint, has an adequate remedy at law; namely, to properly answer or cross-complain in cause No. 4000, entitled 'Town of Hot Springs, a municipal corporation, vs. F. W. Humphery, et als.'

"III. As an additional grounds for demurrer the defendant sets forth that the complaint herein does not state the facts sufficient to constitute a cause of action in that it appears from the face of the complaint, that there is no equity in the complaint of the plaintiff in that all the matters and things therein set forth could be properly set up by answer in cross-complaint in cause No. 4000, entitled 'Town of Hot Springs, a municipal corporation, vs. F. W. Humphery, et als.'"

The District Court sustained the demurrer generally. It is one of the principles of review that insofar as necessary to sustain the judgment all the details of a trial are presumed to be legal and sufficient to sustain the judgment until the contrary is shown and that every presumption favors the correctness of the decision. United States v. De Amador, 6 N.M. 173, 27 P. 488; United States v. Chaves, 6 N.M. 180,

27 P. 489; United States v. De Lujan, 6 N.M. 179, 27 P. 489; Sandoval v. Unknown Heirs, 25 N.M. 536, 185 P. 282; Mitchell v. McCutcheon, 33 N.M. 78, 260 P. 1086.

In the case at bar the appellant has not caused to be incorporated in the transcript on appeal the proceedings in "Cause No. 4000" referred to in the complaint or any part thereof. Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the court below. Cassell Motor Co. v. Gonzales, 32 N.M. 259, 255 P. 636.

It must be remembered also that courts of equity exercise discretionary power in the granting or withholding of their extraordinary remedies, such as injunction. "An injunction is an extraordinary proceeding, the propriety of the allowance of which depends upon a variety of circumstances aside from the strictly defined right of the complainant, and it is therefore uniformly held that the granting or refusal of an injunction, either preliminary or final, is not a matter of right, but rests in the sound judicial discretion of the trial court, to be exercised according to the facts and circumstances of each case, and its discretion will not be interfered with unless a palpable abuse is shown." 13 Standard Encyclopedia of Procedure, Injunction, Page 118. See also 28 Am.Jur., Injunctions, Sec 35. When the sufficiency of the complaint to warrant the granting of this extraordinary relief is challenged, ordinarily the first thing the Chancellor does

is to examine the allegations of the complaint to determine whether the complainant has an adequate remedy at law, and also whether there are facts alleged which show that he is about to be irreparably damaged. The Chancellor will consider everything which may have a bearing upon his exercise of his judicial discretion. In the case at bar, he would discover that the complaint seeks to control by injunction the exercise of the discretion of a municipality in matters of a governmental nature, namely, the extension of a street, and the exercise of the power of eminent domain as a preliminary proceeding thereto. In Oliver et al. v. Board of Trustees of Town of Alamogordo, 35 N.M. 477, 1 P.2d 116, 117, we decided: "The decision of the governing body of a town or city on matters committed to its discretion will not be set aside or disturbed, in the absence of a showing of fraud or conduct so arbitrary as to be the equivalent of fraud." See also High on Injunctions, Sec. 1270, where it is said: "The general principle already stated denying relief by injunction against the action of municipal bodies in matters properly resting within their jurisdiction, in the absence of fraud, applies with a special force to cases where the relief is sought against the construction by municipal corporations or works of public improvement, such as streets, bridges, public buildings, schools, and other like works pertaining to municipal government. And whenever such matters have been intrusted by law to the judgment and discretion of municipal officers or boards, equity will not revise or control the exercise of their discretion, or interfere with their action in the absence of fraud, and while they continue to act within the scope of the powers conferred upon them by law." In Lewis on Eminent Domain, 3d Ed., Sec. 926, it is said: "Condemnation proceedings may be enjoined where, if for any reason, there is no right to condemn the property for the purpose proposed and the right to condemn cannot be litigated in the proceedings themselves. In some of the cases cited the bills were entertained but the relief denied on the merits. In others the relief was granted without much or any consideration of the question of jurisdiction in equity. Such a bill will not be entertained where the grounds relied upon for an injunction are available as a defense in the condemnation proceedings. In some cases the injunction has been refused on the ground that the mere taking of such proceedings does no injury to the property concerned." In 32 C. J., Injunctions, Sec. 134, it is said: "Ordinarily it is improper to restrain by injunction in one suit proceedings in the same court in another action, because the court can grant as adequate relief in that action as in the one asking the injunction."

That is exactly what the plaintiff asks the court to do in the case at bar. Plaintiff prays not only that the extension of Main Street be enjoined but that the defendant be enjoined "from taking any steps whatever towards the consummation of said plan."

█ It is proper to presume that in considering the question as to whether a proper

showing had been made to invoke the trial court's discretion to grant the injunction that he considered the applicability of Sec. 43-301, N.M.S.A. 1929, which is as follows: "Any person, firm or corporation authorized by the constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any subsequent grantee thereof, for the value thereof or the damage thereto at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the code of civil procedure of this state; Provided that this act shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line." The most that plaintiff alleges in his complaint is that he will be put to considerable inconvenience and expense if Main Street is extended, for which inconvenience and expense a remedy is provided in the statute last quoted.

The trial court would doubtless also take into consideration the provisions of Sec. 43-118, N.M.S.A. 1929, as amended by Chap. 142, Laws of 1939. These statutes, among other things, provide that after the commissioners appointed to assess the damages which owners of property may sustain in consequence of the establishment, erection or maintenance of any works or improvements devoted to a public use have made their report to the court, and the same has been approved, the plaintiff may take possession of and use the property during the pendency of and until the final conclusion of the litigation, and the court is authorized to make all orders which it may deem necessary to protect the interests of all parties in said litigation, requiring bond or other indemnity or security. It would appear from these provisions that little need be feared by the property owner on account of supposed inability of the plaintiff to pay for property taken or damaged.

With these general principles in view we come to an examination of the complaint. Its sufficiency to withstand the attack of the demurrer will depend somewhat upon whether the trial court took cognizance of the proceedings in Cause No. 4000, referred to in the complaint. It appears that in the complaint the plaintiff invited the court to do so.

In appellee's answer brief, in an objection to appellant's statement of facts, it is asserted: "1. The Statement leaves out of consideration the fact that the complaint in this cause expressly referred to the eminent domain proceeding brought by the appellee Town and that in the District Court, the trial judge and counsel on both sides treated the present complaint as permitting a reference to the pleadings in the eminent domain proceeding. As a matter

of fact, the demurrer in the present cause and the 'Exceptions to the Petition' filed by the appellant and others as defendants in the eminent domain proceeding were heard together and an order denying the 'Exceptions to the Petition' in the eminent domain proceeding was entered simultaneously with the order overruling the demurrer in the present cause." This statement is vigorously denied by counsel for appellant in his reply brief. We take no sides in this controversy. If the matter became important, doubtless the controversy could be settled by certiorari to the District Judge. In view of the principles of review heretofore announced, we will presume in support of the trial court's judgment that he did examine the files in Cause No. 4000 referred to in the complaint. In fact, we do not see how the court could have avoided doing so. Paragraph 4 of the complaint states that the defendant (Town of Hot Springs) is seeking to condemn land belonging to *various persons* for the purpose of building an extension of Main Street, and a map of the proposed extension has been filed in said Cause No. 4000. Paragraph 5 alleges that it appears "from the said map" that the proposed extension will cross certain designated streets. Paragraph 6 says that it appears "from said map" that it is the intention of the defendant to cross said streets and avenues "on a grade and level which would interfere with and obstruct the use of the said streets and avenues."

It is quite apparent that the plaintiff at least made the said map which is on file in Cause No. 4000 a part of his complaint. It is not unlikely that in order to understand the map reference would have to be made to the pleadings. An examination of the pleadings would disclose who the "various persons" were whose property was sought to be condemned in Cause No. 4000, and, for all we know, may have disclosed that plaintiff in the injunction suit was a defendant in Cause No. 4000. Ordinarily, proceedings in another cause are not subject of judicial notice. See Dodrill v. State Bank of Alamogordo, 35 N.M. 342, 297 P. 144, which cites Oliver v. Enriquez, 16 N.M. 322, 117 P. 844, Ann.Cas.1913A, 140; Elgin v. Gross-Kelly & Co., 20 N.M. 450, 150 P. 922, L.R. A.1916A, 711. In Oliver v. Enriquez, supra, we relied for that statement upon 16 Cyc. 918. The section corresponding to this citation in 23 C. J., Evidence, is Sec. 1920, where the general rule is stated, and the following exceptions are noted: "Where the court is seeking to determine what is a reasonable exercise of its discretion." And the text proceeds: "And 'there may be cases so closely interwoven, or so closely interdependent as to invoke' a rule of judicial notice in one suit of the proceedings in another suit." A number of illustrations are given in the notes. In Roberts v. Roberts, 81 Cal.App. 499, 253 P. 1112, the District Court of Appeals of California decided: "Reference, in affidavit of merits on motion for change of venue, to judgment in action of a certain number in the same court, pleaded by such reference as res judicata, was sufficient to warrant the trial

court in taking judicial notice of judgment." In Dallas J. S. Land Bank v. Dallas County L. I. Dist. No. 9, Tex.Civ.App., 2 S.W.2d 305, it was decided: "As cross-action by levee improvement district for damages from delay caused by issuance and service of injunction against construction of new creek channel grew out of and was ingrafted on injunction proceedings, court could take cognizance of application therefor, order granting writ, execution of bond, issuance and service of writ, and dissolution thereof, in subsequent action for damages by construction of channel." In Cogburn v. Callier, 213 Ala. 38, 104 So. 328, it was decided: "Where a party refers in his pleading to other proceeding or judgment between same parties, and involving same subject-matter, court, on demurrer by other party, should judicially notice entire proceeding in so far as it is relevant to question of law presented." In Crossland v. First Nat. Bank of Montgomery, 233 Ala. 432, 172 So. 255, it was decided: "When the pleadings refer to another proceeding or judgment, the court, on demurrer, may take judicial notice of the entire proceeding so far as relevant, if both proceedings are in the same court." It is difficult to see how the court could exercise his discretion to grant or withhold an injunction to stop the prosecution of a cause pending in his court and which was referred to in the complaint without taking notice of the nature of such action sought to be enjoined. So we presume in support of the judgment that the court did examine the proceedings in Cause No. 4000, and we will further presume that the disclosures of such examination were sufficient to support the court's conclusion that the demurrer ought to be sustained because of the deficiencies in the complaint aided by a consideration of the proceedings in Cause No. 4000, which, in effect, were referred to and made a part of plaintiff's complaint.

From all of the foregoing, we are not convinced that the trial court was in error. The judgment is affirmed, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.