282 P.2d 715

Beulah MILLER, Plaintiff-Appellant,

v.

Rome SMITH, Defendant-Appellee.

No. 5871.

Supreme Court of New Mexico.

March 3, 1955.

Rehearing Denied May 4, 1955.

Chester A. Hunker, Santa Fe, for appellant.

James A. Hall, Clovis, for appellee.

KIKER, Justice.

On the 30th day of April, 1951, plaintiff filed this suit for the recovery of damages for breach of a covenant of warranty in a deed. The deed was executed by defendant on the 23rd day of June, 1941. There was set out an alleged copy of the deed showing that R. Smith, the grantor, defendant in this suit, was a resident of Roosevelt County, and that plaintiff, Beulah Miller, was a resident of the County of Chaves, New Mexico. The deed purported to convey to the grantee certain lands in

Winkler County, Texas. The copy of the deed states:

"and I do hereby bind my heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said Beulah Miller, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The alleged copy of the deed states that R. Smith was not joined by his wife for the reason that the land conveyed was not a homestead. The deed was acknowledged by J. Smith in Dawson County, Texas, according to the showing made in the complaint, on the date it was made, and according to the complaint it was delivered to plaintiff on the following day, June 24, 1941.

It is alleged that plaintiff executed and delivered her deed for certain New Mexico property to defendant in exchange for the Texas property; about two years later plaintiff was served with a summons issued out of the District Court in Texas by which others sought to quiet title to the land conveyed by the defendant. Plaintiff, so the complaint states, notified defendant of the Texas suit and of the fact that she was unable to defend, but defendant did nothing about it; and judgment was entered against plaintiff and she was evicted from the Texas land.

Plaintiff alleges that the covenant of warranty was breached by the defendant on the 18th day of November, 1943, that being the date of the judgment in the Texas suit; and that, as a result of said breach of warranty, she was damaged in the sum of $5,000 for which sum she prays judgment with interest at 6% from the alleged date of breach of warranty.

To plaintiff's complaint defendant filed an answer on July 1, 1951, and later filed an amended answer.

By the amended answer, defendant put in issue practically all the material facts pleaded by plaintiff except the residence of the parties and the fact that a contract was made for the exchange of his Texas property for New Mexico property, ownership of which was claimed by Beulah Miller, plaintiff.

The defendant also filed a motion for summary judgment. This motion is based upon the following grounds: 1) the complaint alleges that the cause of action accrued November 10, 1943, and that more than six years elapsed after that date before the commencement of this suit; 2) the covenant of warranty pleaded was breached at the time the deed was made, on June 24, 1941, for the reason that defendant at that time had neither title to nor possession of the real estate described in the complaint; 3) that attached to defendant's motion are two original certifi-

cates, one from the County Clerk of Winkler County, Texas, and one from the Commissioner of the General Land Office of Texas, and the original affidavit of Rome Smith, the defendant.

The District Court sustained the motion and summary judgment was entered for defendant, who appealed.

In the transcript there appears over the certificate of the clerk of the District Court records and proceedings in two cases numbered 5265 and 5619 on the civil docket of the District Court of Roosevelt County in the Ninth Judicial District of New Mexico, as called for by plaintiff's praecipe.

Plaintiff's brief begins with a statement of the case which sets out the nature of certain instruments filed in cause No. 5265 in the office of the clerk of the court from the filing of the complaint to what appears to have been a non-suit taken by plaintiff during a trial of that cause in February, 1951.

Plaintiff then sets out in like manner the proceedings in cause No. 5619 in the same court to judgment.

For the statement of facts plaintiff sets out substantially all of the allegations of her complaint.

There is only one assignment of error. This is that the court erred in sustaining defendant's motion for summary judgment and in entering judgment for defendant.

Plaintiff, appellant, concedes in her brief that if the breach of the covenant of warranty occurred at the time the deed for the Texas land was made from defendant to plaintiff, the suit would be barred by limitations under the holding in Merchants' National Bank v. Otero, 24 N.M. 598, 175 P. 781. This case is cited by plaintiff in the statement that if defendant had title to the land at no time, then the covenant of warranty was breached when made on June 24, 1941.

Plaintiff argues, however, that because of another suit said to be identical as to cause of action between the same parties, filed on the 11th day of August, 1949, and numbered 5265 on the docket of Roosevelt County District Court, and dismissed on February 7, 1951, without negligence on plaintiff's part, the present suit is nothing more than the continuation of the action so dismissed. Plaintiff's contention is that the breach of the warranty was on the 18th day of November, 1943, and that the first suit between the parties, later dismissed, was filed the 11th day of August, 1949, and that the suit was within the six year period allowed for suits resulting from written contracts.

If it was made to appear in the District Court that the original suit dismissed February 7, 1951, was identical as to subject matter with the suit filed in 1951 and that it was between the same parties and that its dismissal was not due to plaintiff's neg-

ligence in its prosecution, then the plaintiff could justifiably claim that the new suit was a mere continuation of the older suit because of the statute which reads:

"If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six (6) months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." Sec. 27–113, N. M.S.A.1941; Sec. 23–1–14, N.M.S.A. 1953.

It is not alleged in plaintiff's complaint that the suit now under consideration is a mere continuation of the suit instituted by plaintiff against the defendant on the same cause of action in 1949.

The certified transcript of the record of the case filed in 1951 fails to reveal any reference to an earlier suit between the plaintiff and defendant on the same cause of action or that anything was ever said about such an earlier suit to the judge who passed upon the motion for summary judgment. In passing upon the motion for summary judgment the trial court heard no evidence and there is nothing in the transcript of the proceedings which shows that any request was made of the district judge to take judicial notice of an earlier suit between the same parties on the same cause of action.

The resident district judge of the district in which this suit was pending recused himself from presiding in the case now before the court. The judge of another district was designated by proper authority to preside in the case.

The final judgment entered upon the motion for summary judgment gives no intimation that the trial court took judicial notice of the proceedings in an earlier suit between the same parties and involving the same subject matter.

This Court has repeatedly held that judicial notice is not to be taken in one suit in the district court of the proceedings in another suit even though between the same parties and in relation to the same subject matter. Oliver v. Enriquez, 16 N. M. 322, 117 P. 844, Ann.Cas.1913A, 140; Elgin v. Gross-Kelly & Co., 20 N.M. 450, 150 P. 922, L.R.A.1916A, 711; Dodrill v. State Bank of Alamogordo, 35 N.M. 342, 344, 297 P. 144.

■ In the district court, the records of other cases may be brought before the court as evidence when legally admissible.

■ Notwithstanding the rule established in Oliver v. Enriquez, supra, and adhered to in later cases, there are cases in which the district court may in one case take judicial notice of the proceedings in another on its docket; but the cause of which judicial notice is taken must be so closely interwoven or so closely interdependent

with the case on trial before the court as to require judicial notice when that notice is requested. This Court held in Hobbs v. Town of Hot Springs, 44 N.M. 592, 106 P.2d 856, 860, that in exceptional cases the occasion may, and does, arise for the exercise of judicial notice in one suit of proceedings in another suit; but the necessity for the exercise of judicial notice must be called to the attention of the trial court. In the Hobbs case the court set out instances of exceptional cases in which the trial court might take judicial notice of other cases on the docket. Among other things, the Court cited an Alabama case:

" 'Where a party refers in his pleading to other proceeding or judgment between same parties, and involving same subject-matter, court, on demurrer by other party, should judicially notice entire proceeding in so far as it is relevant to question of law presented.' "

In another Alabama case quoted from in the Hobbs case, it was said:

" 'When the pleadings refer to another proceeding or judgment, the court, on demurrer, may take judicial notice of the entire proceeding so far as relevant, if both proceedings are in the same court.' "

In the Hobbs case, the action was for an injunction. It was pleaded that another suit, cause numbered 4000 in the District Court of Sierra County, was for the condemnation of real estate for a Main Street extension. The prayer was for an injunction against the town, its agents and employees, from carrying out the proposed extension and from taking any steps whatever toward the consummation of said plan. The Court remarked that it would be difficult to see how the judge in the lower court could exercise his discretion to grant or withhold an injunction to stop the prosecution of a case pending in his court without taking notice of the nature of the action sought to be enjoined. This Court then stated that it would presume that the lower court did examine the proceedings in cause No. 4000 and that the disclosure of such examination was sufficient to support the court's conclusion that the demurrer ought to be sustained because of the deficiencies in the complaint, aided by a consideration of the proceedings in cause No. 4000 which, in effect, were referred to and made a part of plaintiff's complaint.

The general rule as to judicial notice in the district court has not been changed by the decision in Hobbs v. Town of Hot Springs, supra. An exception has been stated and applied in that case.

The difficulty about the case now being considered is that its record shows no reference whatever to an earlier case.

Plaintiff, by including the proceedings of the case filed in 1949 with the proceedings

in the case filed in 1951 in the transcript, must have assumed that this Court would take judicial notice of the earlier suit. In its brief, plaintiff discusses the earlier suit and claims that the suit filed in 1951 was a mere continuation of the earlier suit. Plaintiff cites Harris v. Singh, 38 N.M. 47, 28 P.2d 1, to support the argument that the present suit is merely a continuation of an earlier suit, but we do not find that the case supports that theory. In Harris v. Singh, supra, the case merely ruled that an allegation contained in an amended complaint on certain notes was not an assertion of a new and different cause of action, even though plaintiff abandoned the allegations of the original complaint that defendant executed the notes in his own name and in the amended complaint alleged that he had executed the notes for a partnership.

█ This Court may take judicial notice under proper circumstances of other cases which are, or have been, on its docket, but the extent and limit of our power to take judicial notice of the records in other cases has not been defined. Alamogordo Improvement Co. v. Palmer, 28 N.M. 590, 216 P. 686.

█ The Supreme Court is a court of review and on an appeal does not consider questions which have not been passed upon by the trial court. Murry v. Belmore, 21 N.M. 313, 154 P. 705; Federal Land Bank of Wichita v. Belew, 46 N.M. 228, 126 P.2d 294.

██ We know nothing of the earlier case except that a transcript certified by the clerk of the court of another case on the docket is compiled in the general transcript with the record in the case under consideration and that which is said about the former case in the briefs. Plaintiff's contention is that it was unnecessary to plead anything about the former case and defendant's contention is that without a pleading showing that a case had previously existed, the district court could not consider the former case.

Since the record of the earlier case, No. 5265 on the docket of the district court constitutes no part of the record of the case here reviewed, that portion of the transcript cannot be considered by us.

There is no consideration given to the portion of the transcript which contains the files in cause No. 5265. It was not important to the decision made by the district court whether the breach of the warranty contained in the deed was made in 1941 or in 1943 for the reason that the only suit properly before the district court was filed in the year 1951 and more than six years had expired after a breach committed in either of the years just mentioned. It follows that the lower court properly sustained defendant's motion for a sum-

mary judgment and that the judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., not participating.