This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42160**

**MICHAEL CHARLES MATHIEU,**

Petitioner/Counterrespondent-Appellant,

v.

**KAREN CRUZ,**

Respondent/Counterpetitioner-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Court Judge**

Rothstein Donatelli LLP
Marc M. Lowry
Albuquerque, NM

for Appellant

Karen Cruz
Silver City, NM

Pro Se Appellee

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Appellant appeals from the district court's entry of an order of protection against him. We issued a calendar notice proposing to affirm. Appellant has filed a memorandum in opposition, a motion to amend the docketing statement, and a motion to strike, all of which we have duly considered. Having considered Appellant's filings, we deny the motion to amend the docketing statement as nonviable, and affirm. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable), *superseded by rule on*

*other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Additionally, we deny Appellant's motion to strike.

**{2}**     Appellant filed a motion to amend his docketing statement asserting that the district court lacked subject matter jurisdiction to enter an order denying his motion to reconsider. [12-26-24 Mot. to Amend 2] This Court will grant such a motion to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309.

**{3}**     Appellant asserts that the district court lacked subject matter jurisdiction to enter its order denying his motion to reconsider because the district court took more than thirty days from when he filed his motion to make a ruling. [12-26-24 Mot. to Amend 2] Appellant fleshes out this argument more in his motion to strike the district court's order denying his motion to reconsider. There, he argues that under NMSA 1978, Section 39-1-1 (1917), a district court has only thirty days to rule on a motion to reconsider a final order. [12/26/24 Mot. to Strike, 2] Specifically, he points to the provision that "if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof." Section 39-1-1. Appellant argues that because he filed his motion to reconsider the district court's final judgment on August 6, 2024, the district court's jurisdiction expired on September 6, 2024, making its September 23, 2024, order "*ultra vires* and *void ab initio.*" [12/26/24 Mot. to Strike, 3] We are unpersuaded. Our Supreme Court, in *Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶¶ 11-17, 142 N.M. 527, 168 P.3d 99, considered the automatic denial provision in Section 39-1-1. The Court considered amendments to Rule 1-059 NMRA, Rule 1-052 NMRA, and Rule 1-054.1 NMRA, and clarified the policy that "Section 39-1-1 is super[s]eded, and there is no longer automatic denial of post[]judgment motions." *Id.* ¶ 15; *see also* Rule 1-054.1 committee cmt. ("The 2006 amendment . . . supersedes the portion of Section 39-1-1 . . . providing that many post-judgment motions are deemed automatically denied if not granted within thirty (30) days of filing."). As such, we conclude that the district court had jurisdiction to enter its order on Appellant's motion to reconsider. Thus, we deem this issue nonviable and deny Appellant's motion to amend and his motion to strike. *See Moore*, 1989-NMCA-073, ¶ 42.

**{4}**     In his memorandum in opposition, Appellant continues to assert that the district court erred by granting Appellee's petition for a protective order. Appellant maintains that there was insufficient evidence to support the district court's conclusion that he harassed Appellee. [MIO 7-11] Appellant contends that "it was Appellee's burden to prove that Appellant's photographing her served no lawful purpose" and that "Appellee never questioned Appellant's testimony in this regard." [MIO 8] Based on this, Appellant argues that there was "no basis for the [district court] to conclude that Appellant was not

gathering evidence to support the violations of the June 6, 2024 protective order." [MIO 8] Appellant also asserts that Appellee "was not a credible witness." [MIO 9]

{5}     To the extent that Appellant is asking us to reweigh the evidence, we decline to do so. The district court is entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact finder"). The district court found that Appellee was a vulnerable woman, she had been manipulated by Appellant, Appellant administered a dose of Ketamine as part of the manipulative process, and that Appellant exhibited demeaning and controlling behavior toward Appellee. [RP 168-69] Regardless of whether Appellant had reason to photograph and record Appellee, the district court found that Appellee "exhibited severe emotional distress" and "attributed the distress to her relationship with [Appellant] that developed as a result of his persuasion and manipulation." [RP 169, ¶ 11] Appellant has not provided any authority to demonstrate that these findings do no support the district court's conclusion that he harassed Appellee. *See* NMSA 1978, § 30-3A-2(A) (1997) (providing that "[h]arassment consists of knowingly pursuing a pattern of conduct that is intended to annoy, seriously alarm or terrorize another person and that serves no lawful purpose" and that "[t]he conduct must be such that it would cause a reasonable person to suffer substantial emotional distress").

{6}     Instead, Appellant challenges our proposed disposition and our citation to Appellee's verified petition for a protective order in the record proper, arguing that it is not evidence. [MIO 2] Appellee's verified petition showed that Appellee's basis for a protective order was based on more than just Appellant's actions of photographing and recording her because it also alleged manipulative and controlling behavior by Appellant. [RP 108-09] Indeed, as discussed above, the district court found that there was sufficient evidence that Appellant engaged in harassing behavior, apart from the photographing and recording, to warrant a protective order. [RP 167-72] The verified petition is not the evidence supporting the protective order. The verified petition raised the issue and the evidence otherwise in the record before the district court supported the protective order. Accordingly, we conclude that Appellant has not demonstrated reversible error on this issue.

{7}     Appellant continues to assert that the district court erred when it refused to take judicial notice of Appellee's criminal record. [MIO 10-11] In our calendar notice we stated that Appellant did not provide any information as to why he moved the district court to take judicial notice of Appellee's criminal record. [CN 9] Appellant states that the criminal case "was on all fours with the precise issue before the" district court but has not provided us with any more detail about why he moved for the district court to take judicial notice or how he was prejudiced by the district court's denial. [CN 11] *See State v. Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). To the extent we can infer that Appellant intended to demonstrate that the criminal case justified the photographs and recordings, we have already determined that sufficient evidence supported a finding of

harassment based on different conduct by Appellant. Moreover, despite Appellant's assertions that the district court must take judicial notice under these facts, we are unpersuaded. [MIO 11] Appellant has not explained how Appellee's criminal record falls under Rule 11-201(B) NMRA, such that it was error for the district court not to take judicial notice. Our Supreme Court has explained that though there are "exceptional cases," the general rule is "that judicial notice is not to be taken in one suit in the district court of the proceedings in another suit even though [it is] between the same parties and in relation to the same subject matter." *Miller v. Smith*, 1955-NMSC-021, ¶¶ 21, 23, 59 N.M. 235, 282 P.2d 715. Accordingly, we are unpersuaded that the district court erred in this matter.

{8}     Appellant continues to argue that the district court's order on his motion to reconsider contains "unnecessary and wanton bias." [MIO 4] Specifically, Appellant states that the district court went from finding that Appellee's case was "a little thin" and that she "barely pushed the ball over the goal line here" to finding that she "exhibited severe emotional distress in the hearing" and argues that the district court "is upset at Appellant for believing that the Judge and Appellee were engaged in ex parte communications." [MIO 5] In addition, Appellant asserts that comments made by Appellee during the hearing indicate that ex parte communications occurred. [MIO 12] As explained in our calendar notice, Appellant did not provide sufficient facts to show that the judge had participated in any ex parte communications with Appellee such that the judge needed to recuse from the case. [CN 7] Appellant, in his memorandum in opposition, again has not provided this Court with any more facts, law or authority to demonstrate that the district court had any ex parte communications with Appellee or that it was the basis for its order denying Appellant's motion to reconsider. We further note that the district court's initial evaluation of Appellee's petition for protective order and its findings in its order on the motion to reconsider both concluded that there was sufficient evidence—even if the evidence was "thin"—to support a protective order. We conclude that Appellant has not shown reversible error on this issue.

{9}     Appellant also argues that the district court's order was not actually filed on August 1, 2024. [MIO 12] Appellant maintains that "[t]he lack of credibility concerning the August 1, 2024[,] filing date merely serves to enhance the ongoing concerns about *ex*[]*parte* communications and the judicial bias at play in this case." [MIO 14] Appellant has provided screenshots of an email sent from the judge's chambers. [MIO 13] Our review of the record proper indicates that the district court's order was filed on August 1, 2024 and that on August 12, 2024 the order would be sent to the parties and delivered to the sheriff's office for service. [RP 126, 130] We conclude that Appellant has not provided sufficient facts to demonstrate that any inconsistency with the filing date of the order exists or shows that ex parte communications occurred. In addition, we note that the screenshots Appellant has provided are not part of the record proper, and therefore we decline to consider them. The "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. Therefore, this Court will not consider a party's new factual assertions on appeal. *See id.*

**{10}** Appellant also argues that the district court, at the hearing on the protective order, indicated it would consider only evidence from that hearing but in its order denying Appellant's motion to reconsider, relied on testimony from a prior hearing in the current action involving both Appellant and Appellee to make its determination that Appellant harassed Appellee such that a protective order was warranted. [MIO 6-7; RP 168-69] In so doing, Appellant maintains that the district court changed the legal standard governing the case without notice or an opportunity to address the new standard and demonstrated bias. [MIO 6] We disagree that the district court "changed the legal standard"—the standard for obtaining a protective order remained the legal standard. In denying the motion to reconsider, the district court turned to additional evidence in the record, and Appellant provides no indication that the earlier testimony was unsubstantiated, does not argue that the evidence does not support the protective order, and does not explain how he would have adjusted the presentation at the protective order hearing to account for this additional evidence. As such, we conclude that Appellant has not demonstrated reversible error on this issue.

**{11}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{12}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**